## UNITED STATES v. THEIMER et al.
### No. 4464.

United States Court of Appeals
Tenth Circuit.

Oct. 22, 1952.

---

6. Masonite Corp. v. Fly, 5 Cir., 194 F.2d 257 at page 260, note 7.

502

Roger P. Marquis, Atty., Department of Justice, Washington, D. C. (Wm. Amory Underhill, Asst. Atty. Gen., and Curtis P. Harris, Sp. Atty., Department of Justice, Oklahoma City, Okl., were with him on the brief), for appellant.

Phil E. Daugherty, Oklahoma City, Okl. (John F. Eberle, Charles Hill Johns and Richard J. Spooner, Oklahoma City, Okl., were with him on the brief), for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is a condemnation proceeding in which the Government sought to condemn an interest in three tracts of land adjacent to Tinker Air Field at Oklahoma City, Oklahoma. One tract consisted of seventy-one acres and the other two of twelve acres and one acre, respectively. The Government sought the fee simple title to the seventy-one acre tract and an easement for the flight of aircraft over the other two tracts. The Government filed a declaration of taking and with it deposited in court the sum of $13,950, the estimated value of the interest taken. On August 14, 1951, the trial court appointed three commissioners, as provided by the Oklahoma law in condemnation proceedings, to inspect and view the land and fix the fair cash market value thereof. On August 15, 1951, the Government filed a motion demanding a jury trial. The commissioners appointed by the court filed their report September 26, 1951, fixing the value of the interest taken in the three tracts at $25,323.99.

While these condemnation proceedings were commenced under the Oklahoma procedure, they were completed under Rule 71A of the Federal Rules of Civil Procedure, 28 U.S.C.A., which became effective August 1, 1951. The question in the case arises under Subsection (h) set out in Footnote 1.

On October 15, 1951, appellees, defendants below, filed a motion asking the trial court to appoint a commission under Subsection (h) of the Rule to determine the compensation to which they were entitled. The grounds stated in the motion were "to remove all obstacles that may cause delay and bring this action to a conclusion." The court sustained this motion and entered an order appointing the same three commissioners who had previously appraised the

1. Rule 71 A(h) so far as material provides that in condemnation proceedings "any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it."

property. The only ground stated in the court's order for invoking the extraordinary provision of the Rule was that the court found that "in the interest of justice, the issues of compensation as to the tracts hereinafter described and involved in this proceeding shall best be determined by a Commission of three (3) persons appointed by this Court." An objection by the Government to this proceeding was overruled. The commission so appointed held hearings and reported the same value of $25,323.99, which it had previously reported under the state procedure. The trial court confirmed the commissioners' award and entered judgment in conformity therewith.

While two assignments of error are urged for reversal, only one need be considered. The Government's main contention is that the court erred in denying its motion for a jury trial and invoking the extraordinary provisions of Subsection (h) for the appointment of a commission to fix the values of the estates taken.

█ Prior to the adoption of Rule 71A, the Rules of Civil Procedure were inapplicable to condemnation proceedings. Under the Conformity Act, 17 Stat. 197, condemnation proceedings in Federal courts were governed by the procedure in effect in state courts in the state where the condemnation proceeding took place. It had long been thought that there should be uniformity of procedure in Federal condemnation cases. Prolonged study had been given to the subject by the Advisory Committee of the Supreme Court. Different rules had been proposed, studied, revised and amended over a number of years, all of which finally culminated in Rule 71A as it now exists. In addition to the work of the Advisory Committee, much thought and study was given to the matter by the Justice Department, many of the Federal Judges, lawyers throughout the United States, as well as Congress. Throughout all these studies runs the thought that litigants should have the right of trial by jury of the issue of value except only in extraordinary and exceptional cases [2] and that the commissioner provision of the Rule should be employed only in exceptional cases where because of peculiar circumstances trial by jury was inadvisable. This thought is well expressed in the Advisory Committee's letter of March 18, 1952, to the Supreme Court, in which it states: "In this connection, your Committee interprets Rule 71A (h) as prescribing trial by jury as the usual and customary procedure if demanded to be followed in fixing the value of property taken in condemnation proceedings, and as authorizing reference to Commissioners only in cases wherein the judge in the exercise of a sound discretion *based upon reasons appearing in the case* [3] finds that the interests of justice so require."

While in phraseology Rule 71A (h) is somewhat different from Rule 53(b), dealing with submission of cases to a master, and Admiralty Rule 43, 28 U.S. C.A. authorizing reference to a commission, their spirit and the purposes sought to be accomplished are much alike. Under those two rules it has been held consistently that before a reference can be made to a master or a commission exceptional and extraordinary circumstances must be present, or the facts which require that it is expedient or necessary for the interest of justice that such reference be made must appear [4] and that a judgment of a trial court is subject to review for abuse of discretion.

We, therefore, conclude that the parties to a condemnation proceeding are ordinarily entitled to a jury under Rule 71A (h) as a matter of right and that where demand is made for the same the judge must grant a jury trial, unless under the facts as

---

2. See Senate Report No. 612, 82nd Congress, 1st Session; House Report No. 739, 82nd Congress, 1st Session; Statement Department of Justice in Letter of Dec. 14, 1951; Letter of Advisory Committee of January 16, 1952, to United States Judges;

Report of Advisory Committee of March 18, 1952, to the Supreme Court.

3. Emphasis supplied.

4. Adventures in Good Eating v. Best Places to Eat, 7 Cir., 131 F.2d 809; United States v. Kirkpatrick, 3 Cir., 186 F.2d 393; Helfer v. Corona Products, 8 Cir., 127 F.2d 612; In re Irving-Austin Bldg. Corp., 7 Cir., 100 F.2d 574.

504

they appear in the case because of the character, location, or quantity of the property to be condemned, or for other reasons revealed by the facts of the case, the interest of justice warrants the submission of question of value and compensation to a commission.

■ None of the factors specifically set out in the Rule warranting the judge in taking the case from a jury are present in this case. This is a simple condemnation proceeding in which the Government sought to condemn one small tract of seventy-one acres and an easement over two other tracts of twelve acres and one acre, respectively, all lying adjacent to Tinker Field. The motion for the appointment of a commission did not set out any extraordinary facts or circumstances warranting these proceedings. It gave as reasons for the request only their desire "to remove all obstacles that cause delay and bring this action to a conclusion." This desire may well be present in all cases but it does not constitute such extraordinary circumstances as to warrant the trial court in invoking the extraordinary provisions of the Rule. The trial court made no statement or finding of fact as to what prompted it to conclude that the interest of justice demanded the invocation of the extraordinary, rather than to permit the ordinary procedure contemplated by the Rule. While the trial court is vested with a sound discretion in determining whether the ordinary or the extraordinary provisions of the Rule should be employed in a given case, which judgment should not be disturbed on appeal save for cogent reasons, its discretion is not an unlimited or an absolute one and is subject to review and will be set aside for abuse thereof.

It is our conclusion that the record is barren of any facts which bring this case within the exception to the rule for jury trials and that the court improperly denied a jury trial when demand had been made therefor.

The judgment of the trial court is accordingly reversed and the cause remanded with directions to grant a jury trial.