**UNITED STATES v. WALLACE et al.**

No. 4518.

United States Court of Appeals
Tenth Circuit.

Dec. 24, 1952.

Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C. (Ralph J. Luttrell, Acting Asst. Atty. Gen., Curtis P. Harris, Sp. Atty., Dept. of Justice, Oklahoma City, Okl., and John P. Grogan, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

W. Otis Ridings, Oklahoma City, Okl. (Frank Carter, Enid, Okl., was with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

On June 28, 1951, the United States brought this action to condemn an 80 acre tract of land situated in Alfalfa County, Oklahoma, about nine miles northeasterly of the town of Cherokee.

Following the Oklahoma state procedure, which was applicable at the time, the court, on July 19, 1951, appointed Clarence Bassett, Carl Dunnington and J. Robert Reneau, all residents of Cherokee, as commissioners to appraise and fix the value of the land

and to determine the amount of compensation to which the owners were entitled. On July 24, 1951, the court entered an order adjudging the title to the land to be in Bruce E. Wallace and P. R. Barita. On August 13, 1951, the commissioners filed their report, in which they fixed the fair market value of the land and the amount of the award to the owners at $10,000.

Rule 71A of the Federal Rules of Civil Procedure, 28 U.S.C., relating to condemnation proceedings, became effective August 1, 1951. On August 15, 1951, the United States filed a notice demanding a trial by jury, under such rule. A pre-trial conference on this demand was had on October 18, 1951.[1] Thereafter, the court made an order, dated October 18, 1951, but not filed until January 21, 1952, which recites:

"* * * the court being fully advised finds that in the interest of justice the issues of compensation as to the tract of land hereinafter described and involved in this proceeding shall best be determined by a Commission of three (3) persons appointed by this Court."

The order appointed Bassett, Dunnington and Reneau as the commissioners to determine the issue of just compensation. Counsel for the United States approved the order as to form and made no objection to the appointment of such persons as commissioners.

The matter came on for hearing before the commissioners on March 4, 1952, at Cherokee, Oklahoma. At the commencement of the hearing, counsel for the United States interposed an objection to the commissioners acting in the proceeding, for the reason that they had already viewed the property, made an appraisal thereof, and filed a report pursuant to the order of August 1, 1951. The commissioners proceeded with the hearing. The landowners appeared as witnesses in their own behalf and called as witnesses four persons who were residents of Alfalfa County and lived in the vicinity of the land. The United States called three witnesses who lived in the vicinity of the land. Other than the landowners,

only one witness was called who did not live in the vicinity of the land.

On April 2, 1952, the commissioners filed a report in which they fixed the fair cash market value of the land at $11,000 and recommended that judgment for that amount be entered in favor of the land-owners.

Rule 71A, supra, in part provides:

"If the action involves the exercise of the power of eminent domain under the law of the United States, any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it."

The nearest Federal court towns to the land are Enid, Oklahoma, and Oklahoma City. The tract of land is situated approximately 60 miles west of Enid. The distance from Enid to Oklahoma City is approximately 90 miles. The tract of land was of unusual character, in that it was valuable for hunting and fishing. All but one of the witnesses, other than the landowners, lived in the vicinity of the land.

█ We think the instant case is distinguishable on the facts from United States v. Theimer, 10 Cir., 199 F.2d 501. Here, the land was situated a long distance from a Federal court town. It would have been expensive to have taken a jury from the court town to view the land. It would have been inconvenient for the local witnesses who resided in the vicinity of the

1. The pre-trial conference proceedings are not included in the record on appeal.

land to travel to a Federal court town to give their evidence. The land was of a peculiar nature in that it had a value for hunting and fishing. Only one 80 acre tract of land was involved. In view of those facts, we are of the opinion that the trial court, in the exercise of a sound discretion, was justified in ordering that the issue of just compensation be determined by a commission appointed by it.

Under the Federal rule the commissioners, in a large measure, serve the function of a jury. The proceeding before the commission is quasi-judicial in character. We do not think it was appropriate to appoint as commissioners, under the Federal rule, persons who had theretofore viewed the land, arrived at an opinion as to its value, and formally expressed that opinion in their report to the court. A juror who has formed and expressed an opinion about the issues in a case is ordinarily regarded as disqualified. However, when the order was presented to counsel for the United States, he made no objection to the personnel of the commission and waited until the matter came on for hearing before the commissioners to interpose his objection. Such objection should have been addressed to the court and not to the commissioners. We think the objection was waived.

Affirmed.

PICKETT, Circuit Judge (dissenting).

Prior to the adoption of Rule 71A, condemnation proceedings authorized by federal law followed the practice established by the law of the state where the action was brought. The purpose of the rule was to eliminate confusion in federal courts caused by the application of so many different statutes and to create a uniform procedure for all condemnation actions brought under federal law.

In substantially all state condemnation statutes there is a provision for the right of trial by jury. Rule 71A was carefully worded to protect this right but it is not absolute. We said in United States v. Theimer, 10 Cir., 199 F.2d 501, 503, "that the parties to a condemnation proceeding are ordinarily entitled to a jury under Rule 71A (h) as a matter of right and that where demand is made for the same the judge must grant a jury trial," unless facts appear in the case which would bring it within an exception. That exception is that the trial court, under proper circumstances, may refer the issue of compensation to a commission of three persons appointed by it. We recognized in the Theimer case that a reference should not be made in a simple condemnation proceeding but only where there exists exceptional and extraordinary circumstances. It has always been recognized by law makers and the courts that a reference should be the exception and not the rule. This was specifically provided for in Rule 53(b). The reason for this is that ordinarily all litigants should be entitled to try their cases in a court of law under the direction and control of a judge and in accordance with all of the established rules of trial procedure. Generally, references should be made only in difficult and complicated cases. The reports of the Advisory Committee of the Supreme Court clearly indicated that it had this in mind when it adopted 71A. They continually referred to the advisability of a commission to determine compensation in the taking of property for large projects similar to the huge Tennessee Valley Authority project where it would not be practical to submit the same to a jury. It was also suggested that there might be other cases where, in the "interest of justice", a reference might be justified, but nowhere is it indicated that trial by jury should not be the primary right. It is true, of course, that we cannot determine the judicial discretion of a trial judge but he must act within the power given him.

These proceedings involved a single tract of land with no improvements. The witnesses gave their estimate of value as in any other case where it is sought to establish the value of land. It is difficult to conceive of a more simple condemnation case. If the trial judge has the discretion to appoint commissioners to determine the compensation for land merely upon the grounds that it is some distance from the seat of the trial court, he would have the discretion to appoint commissioners in almost any

68

case. It appears to me that we are laying the foundation for the establishment of the right of reference as the rule, not the exception.

. I agree with what the majority says concerning the untimely objection to the appointment of the commissioners in this case. I think, however, that district judges should be admonished to be particularly careful in the selection of commissioners when a reference is made. The commission in such cases acts in a quasi judicial capacity and as the trier of the facts. The court is bound by its findings unless clearly erroneous. H. F. Wilcox Oil & Gas Co. v. Diffie, 10 Cir., 186 F.2d 683, 696. Care should be used to select commissioners who have at least the qualifications of the ordinary juryman free from any interest, opinion or prejudice, and in most cases it would appear to be advisable to have at least one who has had some training in the law of evidence. For the reasons stated I would reverse the judgment.