## UNITED STATES v. WAYMIRE et al.

### No. 4517.

United States Court of Appeals
Tenth Circuit.

Feb. 28, 1953.

Edmund B. Clark, Attorney, Department of Justice, Washington, D. C. (James M. McInerney, Asst. Atty. Gen., John J. Hickey, U. S. Atty., Cheyenne, Wyo. and John F. Cotter, Attorney, Department of Justice, Washington, D. C., on the brief), for appellant.

H. F. Fellows, Rapid City, S. D. (Pat Morrison, Mobridge, S. D., and George F. Guy, Cheyenne, Wyo., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Needed for the construction of a dam and appurtenant facilities, a reservoir site, and roadways, all in connection with the Keyhole project of the Bureau of Reclamation, Department of the Interior, the United States instituted this proceeding to acquire by condemnation the fee title to certain lands, save the mineral rights therein, flowage easements in certain lands, and roadway easements in certain lands in Crook County, Wyoming. Contemporaneously with the institution of the proceeding, the Government filed a conventional declaration of taking and deposited in the registry of the court the sum estimated as just compensation for the estate taken in the lands. On July 30, 1951, the Government filed in the proceeding an application for the appointment of commissioners to ascertain and determine the compensation to be paid to the owners and others interested in the lands taken; and on the same day, an order was entered pursuant to the laws of Wyoming appointing commissioners. On August 10, the Government filed a demand for jury trial of the issue of just compensation. On August 22, defendants Bertha Waymire, Emmaline E. McKean, Paul J. McKean, Clifford E. Sward, Francis E. Sward, John E. Schuricht, and Benjamin H. Buckmiller, owners of certain tracts of the land taken, filed an application for the appointment of a commission in accordance with the pertinent provision of Fed.Rules Civ. Proc. rule 71A, 28 U.S.C.A.; and on September 5, the court entered an order vacating the previous order appointing commissioners and appointing a commission under Rule 71A. The commission consisted of the same persons previously appointed as commissioners. The commission conducted extended hearings and filed awards. The Government filed exceptions to the awards. The court set aside an award to Bertha Waymire and her husband for severance damages to the land owned by them, reduced the awards made for four tracts, and

sustained the remaining awards. Judgment was entered accordingly, and the United States appealed.

■■ The judgment is assailed on the ground that the court erred in denying the Government's demand for a jury trial of the issue of just compensation. It is said that the action of the court in granting the application of the owners of land for the appointment of a commission amounted to the wrongful denial of the demand for a jury trial. Subdivision (h) of Rule 71A provides in substance that any party to a condemnation proceeding pending in the United States Court may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reason in the interest of justice, the issue of just compensation shall be determined by a commission of three persons appointed by the court. Under such provision in the rule, any party to a condemnation proceeding is ordinarily entitled as a matter of right to trial by jury of the issue of just compensation for the property taken if demand therefor is made within the time fixed in the rule. And where the demand is seasonably made, its denial constitutes error unless, due to the character, location, or quantity of the property to be condemned, or some other reason in the interest of justice, the court in the appropriate exercise of its sound judicial discretion appoints a commission. United States v. Theimer, 10 Cir., 199 F.2d 501. But in the exceptional case where extraordinary circumstances or conditions exist with respect to the character, location, or quantity of the property to be condemned, or for other reason in the interest of justice, the court may in its discretion appoint a commission to determine the issue of just compensation. United States v. Wallace, 10 Cir., 201 F.2d 65.

■ This was not a proceeding for the condemnation of a single tract of land or a single unit of property uniform in kind, easy of description, and located reasonably adjacent to the place at which the court sits. In addition to other small tracts, it had for its purpose the taking of property and property rights from five ranches including various and varying improvements located more than one hundred and fifty miles from the nearest place at which the court sits. The land varied in kind, character, and adaptability. Some was bottom land, some meadow land, some bench land, and some pasture or grazing land. Some of the bottom land produced alfalfa, some was devoted to the production of alfalfa seed, and some was used for the growing of other crops. And due to its location and other natural conditions, some of the land furnished excellent shelter and protection for livestock in the winter. In the nomenclature of those engaged in the livestock industry, the several properties constituted balanced ranches, containing bottom or meadow land for the production of crops and the running of livestock in the winter, land furnishing natural shelter and protection for livestock in the winter, and land adapted to grazing livestock in the spring, summer, and autumn. Not all of the land was taken. In some instances, not all of the land of the same kind was taken. In some instances only part of the bottom land was taken, in some only part of the meadow land was taken, in some only part of the bench land was taken, in some only part of the grazing land was taken, and in some the land not taken was left in the form of a small, separated, and isolated tract or strip almost useless and of little value as a constitutent part of the ranch to which it previously belonged. The properties were no longer balanced ranches, well suited and adapted to the production, maintenance, and sale of livestock. The situation presented multiple circumstances calling for the consideration of various elements in arriving at just compensation. These elements included the value of land taken in fee, severance value, flowage easement value, value of improvements, and other factors inhering in the situation. In view of all these facts and circumstances considered in their totality, it cannot be said that the court erred in appointing a commission to fix just compensation for the various properties and rights in properties to be condemned.

■ The next ground of attack upon the judgment is that even if a jury trial were rightly denied, the court erred in limiting the scope of its review of the testimony taken before the commission. Certain statements contained in the memorandum opinion of the court are relied upon to indicate that the court conceived its province upon review to be merely that of determining whether there was substantial evidence to sustain the awards of the commission, or whether the values fixed by the commission were outside the scope of the evidence offered. And it is argued that in consequence of that narrow view of its function, the court erroneously failed to attempt to weigh the conflicting evidence in respect to value or to inquire whether the proceedings before the commission were conducted in a manner which would result in fair and impartial awards. Rule of Civil Procedure 71A(h) provides that the commission shall have the powers of a master provided in subdivision (c) of Rule 53; that proceedings before the commission shall be governed by the provisions of paragraphs (1) and (2) of subdivision (d) of Rule 53; and that the findings and report of the commission shall have the effect and be dealt with by the court in accordance with the practice prescribed in paragraph (2) of subdivision (e) of Rule 53. Subdivision (c) of Rule 53 relates to the attendance of witnesses before the master, the production of books, records, documents, and other writings; the examination of witnesses; the ruling upon the admissibility of evidence; and the making of a record of the evidence offered and excluded. Subdivision (d) concerns itself with the fixing of the time and place of the hearing before the master, and the manner in which the hearing shall be conducted. And paragraph (2) of subdivision (e) provides that in an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous; that within ten days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties; and that the court after hearing may adopt the report, may modify it, may reject it in whole or in part, may receive further evidence, or may recommit the matter with instructions. It is thus clear that the report of the commission in a case of this kind shall be dealt with in the same manner as that of a master appointed under Rule 53. It is historic practice of long standing to call to the assistance of courts masters to pass upon certain classes of questions, one of the most common being the amount of damages. While the report of a master is essentially advisory in nature, it has not been the practice to disturb his findings when they are properly based upon evidence, unless there be errors of law. And prior to the adoption of the rules of civil procedure a party did not have the absolute right to demand that the court redetermine the facts thus found. Under the plain language of Rule 53, it is the duty of the court to accept the findings of fact made by a master unless they are clearly erroneous. But the findings of a master may be modified in part, or rejected in toto, if they are clearly erroneous. In like manner, under the equally clear language of Rule 71A(h), the findings and awards of a commission shall be accepted unless they are clearly erroneous. But they may be modified in part, or rejected in toto, if they are clearly erroneous. And even though there is evidence to sustain findings of a master or a commission, as the case may be, they are clearly erroneous if the reviewing court on the entire evidence has the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; United States v. Oregon State Medical Society, 343 U.S. 326, 339, 72 S.Ct. 690, 96 L.Ed. 978.

■ Upon review, it was the duty of the court to accept the awards of the commission unless they were clearly erroneous in whole or in part because based upon a substantial error in the proceedings, because based upon a misapplication of the controlling law, because unsupported by substantial evidence, or because contrary to the clear weight of all the evidence. And while it was incumbent upon the court to proceed with due regard for these general

principles, if on the whole record the court was clearly convinced that in fixing just compensation for the property taken the commission acted arbitrarily and without proper regard for the evidence, or that the awards were unsupported by any substantial evidence, or that they were against the clear weight of all the evidence, it was the duty of the court to modify them, reject them in whole or in part, receive further evidence, or recommit the matter to the commission with instructions. It may be that certain statements contained in the opinion if lifted out of context and viewed apart and alone lend some support to the contention that the court entertained an unduly narrow view of its function on review of the awards. But when brought into focus and viewed in its entirety, the opinion fails to indicate that the court misconceived its function or was remiss in the full discharge of its duty.

■ It is urged that the awards are excessive. The total sum estimated as just compensation and deposited in the registry of the court was $293,099.30. The awards of the commission aggregated $643,235.00. After setting aside one award for severance damage and reducing by small amounts the awards for four tracts, the deficiency judgment against the Government was in the aggregate amount of $332,780.70. Just compensation in a proceeding of this kind represents the difference between the fair market value of the entire unit of property of an owner at the time of the taking and the fair market value of the part remaining after the taking. As is often true, the evidence adduced before the commission presented a wide range of difference in respect to value. With the exception of two or three witnesses, the owners relied upon their own testimony and that of others engaged in the ranching business to establish value. And with the exception of an associate professor of range management at the University of Wyoming and two other witnesses, the Government relied upon the testimony of its employees to establish value. No good purpose would be served in reviewing in detail the testimony of the several witnesses. It is enough to say that the several awards as finally approved by the court and merged into the judgment are adequately sustained by evidence in respect to amount and therefore are not vulnerable to attack for excessiveness.

■ Finally, the Government seeks to predicate error upon the action of the commission in including in one of its awards an item of severance damage in respect to a parcel of land not being used by its owner as a part of his ranching business. The owner was not using the particular parcel as part of his ranching operations. It was being used to graze thereon livestock belonging to another person. The property of the owner was in two parts, and the parts were not contiguous. One was essentially bottom land, meadow land, and bench land, with improvements thereon. The other was essentially grazing land and none of it was taken. The item of severance damage now in question was attributed to the parcel of grazing land. While non-contiguous, the two parts were readily adaptable for use as constituent parts of a single economic unit— a balanced ranch, with a certain carrying capacity for livestock and therefore of a certain market value. After the taking, the two parts remaining necessarily had a reduced carrying capacity for livestock and therefore were of less fair market value. In other words, the severance effectuated by the taking of some of the property constituting one of the two parts adaptable for use as constituent parts of the single unit, reduced the fair market value of the two parts remaining even though they were not contiguous. And since the two parcels were easily and readily susceptible of use as constituent parts of the single economic unit, the mere fact that the grazing land was not contiguous to the bottom or meadow land did not preclude the award of severance damage allocated to the grazing land. United States ex rel T. V. A. v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; Baetjer v. United States, 1 Cir., 143 F.2d 391, certiorari denied, 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618. It may be that the commission should have awarded the owner of the two parcels of property a single item

of severance damage. But its action in dividing the severance damage into two parts was not fatal. It should be treated as a single award of severance damage to the entire property of the owner in the aggregate amount of the two sums fixed in the awards.

The judgment is affirmed.

HUXMAN, Circuit Judge (dissenting).

I see no extraordinary or unusual circumstances in this case warranting the invocation of the extraordinary provision of Rule 71A(h). Wyoming is a state of broad and large vistas and great distances. A distance of 150 miles is not considered an extraordinary journey. Ranches, large ranches, are common and numerous forms of ownership of property in that State. We have common knowledge that such ranches consist of valley land watered by streams, irrigated tracts and dry upland grass land. Finding men competent to fix the value of such property is not difficult in a state where men commonly own and deal in such property. Unless we take care, trial by jury will become the exception and trial by commission the rule in condemnation proceedings, contrary to the spirit and intent of the rule.

For these reasons I would reverse the judgment.