UNITED STATES v. 2792.82 ACRES OF LAND, MORE OR LESS, IN AIKEN, BARNWELL AND ALLENDALE COUNTIES et al.

No. 3616.

United States District Court
E. D. South Carolina, Aiken Division.

Aug. 13, 1953.

H. H. Edens and N. Heyward Clarkson, Jr., Columbia, S. C., for plaintiff.

W. S. Sandifer, Aiken, S. C., Yancey A. McLeod, Columbia, S. C., Sp. Assts. to the U. S. Atty., for defendants.

TIMMERMAN, Chief Judge.

From the record herein it appears that the United States of America filed its complaint in condemnation on March 25, 1953, directed against numerous and various tracts of land. Among them was the subject tract, designated as Tract No. GG–3202, containing 851 acres, more or less, and listed in the names of Harry M. Lightsey and Ellen G. Lightsey as owners. The complaint contained the usual demand for jury trial. On the same day the United States of America also filed its declaration of taking wherein the value of the subject tract was estimated at $66,600, which amount was deposited in the registry of the court. Subsequently, pursuant to the order of this Court, that amount was disbursed, without prejudice, to the persons entitled thereto.

This cause is now before the Court upon the motion of the landowners above named to refer the issue of just compensation to be paid them for the subject tract to a Commission of three persons to be appointed by the Court pursuant to Rule 71A, subsection (h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. From the affidavit by the landowners filed in support of this motion it appears that the condemned 851 acres was an integral part of a larger tract consisting of about 4000 acres, which had been operated as an integrated unit for the raising of stock, growing of trees and for general farming purposes. The portion condemned was the principal source of water supply for the entire tract. It further appears from this affidavit that streams on the condemned tract formed natural exterior boundaries or barriers for the tract as a whole which obviated the

necessity of much fencing. This affidavit further sets forth a special loss to the land-owners in consequence of the condemning of their lands in that a settlement had to be negotiated by them and the lessee of a pre-existing long term timber lease covering the entire 4000 acres.

The motion for the reference is based upon "the character, location, and quantity of land to be condemned, its relationship to adjacent or contiguous land of the defendants, and to the special and severance damages to those defendants, the determination of which will be difficult and complex to such an extent that it cannot be fairly ascertained by a jury; and on the further ground that this matter should be referred to a commission in the interest of justice in that, among other things, the long delay necessitated by a jury determination will be avoided and the defendants thereby enabled to make, at an early date, such arrangements or adjustments as possible for the continuance, or partial continuance, of their business operation, interrupted by the taking herein provided for, which arrangements or adjustments these defendants are unable to make until an adjudication and payment of just compensation to them".

█ To the foregoing may be added this: The subject tract is one of many parcels or tracts of land acquired by condemnation, in this action and numerous others, for the use of the Atomic Energy Commission in the development of the so-called Savannah River Project of the government. More than three hundred square miles of area have been taken by condemnation, involving innumerable parcels and tracts of land lying in Aiken, Allendale and Barnwell Counties. It is not unreasonable to suppose that, if the issue of just compensation as to each tract taken, or even as to a majority of them, should be submitted to a jury in an open court, it would take from five to ten years to clear the court's calendar of such cases. It would be utterly impracticable to devote more than seven weeks per year of the court's jury trial time, if so much, to the trial of these condemnation cases without serious and prolonged delay in disposing of other cases in the district. Consequently the ends of justice require that some step

be taken to dispose of this great mass of condemnation cases in the Aiken Division as expeditiously as possible; and I know of no appropriate procedure to accomplish that necessary end other than to refer to a Commission as many of these cases as possible. Besides, commission hearings will cost much less than trials in open court with jurors in attendance.

█ It is well settled that jury trials in condemnation cases are not guaranteed by the constitution. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; City and County of Honolulu v. U. S., 9 Cir., 1951, 188 F.2d 459. And it is also firmly established that the method of determining just compensation in condemnation cases is one of procedure.

Prior to the adoption of Rule 71A, April 30, 1951, effective August 1, 1951, the Conformity Act directed that state procedures should be followed in the trial of condemnation cases. As the various states provided different procedures, there was endless confusion on the subject. In order to clarify the matter and establish a simplified procedure, Rule 71A was adopted, after long and careful consideration. Determination of the question now before the Court turns upon an interpretation of that Rule.

A complete history of the Rule, including the matters considered by the Advisory Committee in its report to the Supreme Court recommending the Rule's adoption and those considered by the Court itself, is set forth in an annotation to the Rule in 28 U.S.C.A. This record reveals that there were two schools of thought on the subject. One group felt that all such cases should be tried to a jury when either party demanded it, whereas the other group felt that there would, at times, be circumstances and conditions under which it would be more advisable and equitable for a determination of the issue of just compensation to be made by a Commission. However, neither the Advisory Committee nor the Supreme Court believed that the exact circumstances and conditions under which a case should be referred could be spelled out, due to endless variations in them. Accordingly, in an effort to have a rule flexible enough to meet all situations, Rule

71A(h) was adopted, leaving the matter of reference to a Commission up to the District Court, in these words:

"* * * but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it. * * *"

It seems that this Rule, in the light of the history of its adoption, means exactly what it says—there shall be a jury trial on demand, *unless,* in the discretion of the Court, because of the *character,* location or *quantity* of the property to be condemned, or for other reasons in the interest of justice, the issue of just compensation should be determined by a commission.

The plaintiff's attorney leans very heavily on U. S. v. Theimer, 10 Cir., 199 F.2d 501, for support of his contention that defendants' motion should not be granted; but that case, on its facts, does not support plaintiff's contention. In the Theimer case the government condemned only three tracts of land, one tract containing seventy-one acres, another twelve acres and a third only one acre, not approximately a thousand or more tracts as in the instant situation. In the Theimer case, 199 F.2d at pages 503, 504, the Court stated its conclusion in the following language:

"* * * that the parties to a condemnation proceeding are ordinarily entitled to a jury under Rule 71A (h) as a matter of right and that where demand is made for the same the judge must grant a jury trial, unless under the facts as they appear in the case because of the character, location, or quantity of the property to be condemned, or for other reasons revealed by the facts of the case, the interest of justice warrants the submission of question of value and compensation to a commission."

The plaintiff, in opposing the motion, also relies on U. S. v. Wallace, 10 Cir., 201 F.2d 65, and U. S. v. Waymire, 10 Cir., 202 F.2d 550; but these cases add no weight to the contention. What was held in them is summarized in the following language of the Court, 202 F.2d at page 552, in the Waymire case:

"* * * But in the exceptional case where extraordinary circumstances or conditions exist with respect to the character, location, or quantity of the property to be condemned, or for other reason in the interest of justice, the court may in its discretion appoint a commission to determine the issue of just compensation. United States v. Wallace, 10 Cir., 201 F.2d 65."

Applying the principle announced in the cited cases to the facts and circumstances of the instant case, the conclusion seems inevitable that good cause has been shown justifying reference to a competent Commission the issue of just compensation for hearing and determination.

Accordingly, it is concluded that the motion of the landowners for the appointment of a Commission to determine the issue of just compensation to be paid them for the taking of their land should be granted; and it is so Ordered.

It is Further Ordered, That John G. Dinkins, Manning, S. C., R. S. McCants, R.F.D. 1, Cameron, S. C., and St. Clair Guess, Jr., Denmark, S. C., be and hereby are appointed and constituted a Commission to hear and determine the issue of just compensation to be paid by the condemnor to the above named condemnees for the taking of their land by condemnation. Said Commission shall have all of the powers conferred by Rule 71A, Federal Rules of Civil Procedure, including the usual powers of a Master.

Further, That John G. Dinkins is hereby constituted and appointed Chairman and presiding officer of said Commission; and further, that the Chairman shall forthwith

call the members of the Commission into session for the purpose of organization, outlining their procedure, fixing a date for the first hearing and for consideration and disposition of any other matters properly coming before them. At this first meeting the parties in interest and their counsel shall be invited to attend.

Let certified copies hereof be mailed to members of the Commission, the condemnor and the condemnees or their respective attorneys of record.