**UNITED STATES of America,
Plaintiff,**

v.

**1146.32 ACRES OF LAND IN VICTORIA
COUNTY, TEXAS, and Frank S.
Buhler, et al., Defendants.**

**Civ. A. No. 192.**

United States District Court
S. D. Texas, Victory Division.

July 22, 1955.

Malcolm R. Wilkey, U. S. Atty., Arthur L. Moller and John D. Richardson, Asst. U. S. Attys., Houston, Tex., for plaintiff.

Stofer, Proctor, Houchins & Anderson, John G. Stofer, Victoria, Tex., and Vinson, Elkins, Weems & Searls, David T. Searls and Jack D. Head, Houston, Tex., for defendants.

INGRAHAM, District Judge.

This is a suit for the condemnation of land by the Government. There have been six Declarations of Taking of six contiguous tracts of land consisting of approximately 1,471 acres, all out of the same parent ownership which we will refer to as the Buhler land. The dates of the respective Declarations of Taking range from September 22, 1952, to June 30, 1955. The right of the Government to take the land is not disputed by defendants and the parties have agreed that the only matter in dispute to be litigated is the right of defendants to just compensation.

The matter is now before the court on defendants' motion for the appointment

of a commission of three persons to determine the issue of just compensation pursuant to Rule 71A(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It appears that plaintiff filed a demand for trial by jury in due form and time and plaintiff opposes the motion of defendants and questions the propriety of the court to appoint a commission pursuant to the provisions of Rule 71A(h).

█ Rule 71A(h) of the Federal Rules of Civil Procedure is quoted in part as follows:

"* * * any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the *character, location,* or *quantity* of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it. * * *" (Italics mine.)

Where demand for trial by jury is seasonably made its denial would be error unless exceptional and extraordinary circumstances or conditions exist with respect to character, location, or quantity of. the property condemned or for other reasons in the interest of justice, the court may in its discretion appoint a commission to determine the issue of just compensation. United States v. Theimer, 10 Cir., 199 F.2d 501. United States v. Wallace, 10 Cir., 201 F.2d 65. United States v. Waymire, 10 Cir., 202 F.2d 550.

The quantity (1,471 acres) is not exceptional or extraordinary. The location is not exceptional or extraordinary as the land is located within five or six miles of the Federal Court House in Victoria. This leaves for consideration the question of whether the character of the land condemned presents such exceptional or extraordinary circumstances. or conditions which would impel the court, in its sound discretion, to apply the provisions of Rule 71A(h) authoriz-

ing the appointment of a commission to determine the issue of just compensation.

The land in question is that taken and used by the United States Air Forces as Foster Air Force Base in Victoria County, Texas. Foster Air Force Base was originally built by the United States Army Air Corps about 1940 or 1941 upon the tract of land described in plaintiff's Declaration of Taking No. 1 recited to contain 1,144.71 acres of land, under a temporary lease from the defendant landowners. At the conclusion of World War II the air base was abandoned, the lease terminated, and the land returned to the defendant landowners with the permanent improvements thereon. Such improvements include "a residence occupied by the defendant Frank S. Buhler, two barns, an incinerator building, seven warehouses, an airplane hangar building, three swimming pools, 120,000 square yards of paved roadways, 970,700 square yards of concrete airfield runways and pavement, a storm sewer system, a sanitary sewer system, complete water distribution plant and water mains, two water wells, gas lines, fences, and 3,500 linear feet of railroad tracks. The portion of such property occupied by the warehouses, airplane hangar, and railroad tracks was being used as an industrial warehouse area at the time of the taking. That portion of the tract which had been subdivided by paved roadways was ideally suited for residential development. The remainder of the tract upon which the airfield runways and pavement were located, of course, was primarily adaptable for use as an airfield." (Quotation from defendants' verified motion). Other exceptional and extraordinary circumstances or conditions set out in defendants' motion have been considered but will not be set out in full in this opinion.

In the Wallace case, supra, opinion by Chief Judge Phillips, the appointment of commissioners under Rule 71A(h) was upheld for two exceptional reasons (1) that the land was situated a long distance (80 miles) from a federal court

town, and (2) that the land was of a peculiar nature in that it had a value for hunting and fishing. In the Waymire case, supra [202 F.2d 552], opinion by Circuit Judge Bratton, the appointment of commissioners under the rule was likewise upheld for reasons of distance from federal court (150 miles) and for further reason that the land varied in kind, character and adaptability and included various and varying improvements, some of the land being "bottom land, some meadow land, some bench land, and some pasture or grazing land. Some of the bottom land produced alfalfa, some was devoted to the production of alfalfa seed, and some was used for the growing of other crops. And due to its location and other natural conditions, some of the land furnished excellent shelter and protection for livestock in the winter. In the nomenclature of those engaged in the livestock industry, the several properties constituted balanced ranches, containing bottom or meadow land for the production of crops and the running of livestock in the winter, land furnishing natural shelter and protection for livestock in the winter, and land adapted to grazing livestock in the spring, summer, and autumn. Not all of the land was taken. In some instances, not all of the land of the same kind was taken. In some instances only part of the bottom land was taken, in some only part of the meadow land was taken, in some only part of the bench land was taken, in some only part of the grazing land was taken, and in some the land not taken was left in the form of a small, separated, and isolated tract or strip almost useless and of little value as a constituent part of the ranch to which it previously belonged. The properties were no longer balanced ranches, well suited and adapted to the production, maintenance, and sale of livestock. The situation presented multiple circumstances calling for the consideration of various elements in arriving at just compensation. These elements included the value of land taken in fee, severance value, flowage easement value, value of improvements, and other factors inhering in the situation. In view of all these facts and circumstances considered in their totality, it cannot be said that the court erred in appointing a commission to fix just compensation for the various properties and rights in properties to be condemned."

It is my opinion that the distance from court, whether it be 5 miles, 80 miles, or 150 miles, is not, by itself, an impelling, extraordinary, or exceptional circumstance or condition in this age of good roads and good automobiles. It is my further opinion that the other exceptional and extraordinary circumstances or conditions of the case at hand are more impelling than those of the Wallace case where the land had a value for hunting and fishing and the Waymire case where the land was varied in kind, character and adaptability.

In the Theimer case, supra, opinion by Circuit Judge Huxman, the appointment of commissioners by the district court was reversed and the cause remanded with instructions to grant a trial by jury. But the case at hand is distinguished from the Theimer case in that a cause of reversal in the Theimer case was that the motion for the appointment of a commission did not set out any extraordinary facts or circumstances, that it gave as reasons for the request only their desire [199 F.2d 504] " 'to remove all obstacles that cause delay and bring this action to a conclusion' ", and that the trial court made no statement or finding of fact as to what prompted it to conclude that the interest of justice demanded the invocation of the extraordinary, rather than to permit the ordinary procedure contemplated by the rule. In the case at hand the defendants' verified motion states specific reasons for the invocation of the rule for the appointment of commissioners and such reasons are deemed to be extraordinary or exceptional circumstances or conditions contemplated by the rule.

It is my further opinion and I conclude that the case at hand is one in which the exceptional and extraordinary circumstances or conditions warrant

the invocation of the provisions of Rule 71A(h) providing for the appointment of a commission of three persons to determine the issue of just compensation, and the defendants' motion therefor will be granted and sustained.

Counsel will prepare and submit order consistent herewith, as well as an appropriate form of order for the appointment of commissioners pursuant to the provisions of Rule 71A(h).