**UNITED STATES of America,
Petitioner,**

v.

**Honorable Peirson M. HALL, Chief Judge, United States District Court for the Southern District of California, Respondent.**

**No. 16707.**

United States Court of Appeals
Ninth Circuit.

Jan. 9, 1960.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Claron C. Spencer, Attys., Dept. of Justice, Washington, D. C., for petitioner.

Thompson, Royston, Wiener & Moss, Los Angeles, Cal., James C. Hollingsworth, Ventura, Cal., Robert S. Thompson, Clifford E. Royston, Los Angeles, Cal., Angel, Adams, Gochnauer & Elder, San Francisco, Cal., Price, Postal &

Parma, Santa Barbara, Cal., Hill, Farrer & Burrill, Anson, Gleaves & Dowds, Los Angeles, Cal., Sheridan, Orr, Barnes, Duval & Benton, Ventura, Cal., Louis Le-Baron, Honolulu, Hawaii, Maddox, Abercrombie, Kloster & Jacobus, Crowe, Mitchell & Hurlbutt, Visalia, Cal., for respondents.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

The United States seeks a writ of mandamus requiring respondent, as Judge of the United States District Court for the Southern District of California, to vacate certain orders entered by him.

The orders were entered in 21 actions brought by the United States for the condemnation of lands required in 4 federal projects.[1] By these orders the determination of the issue of just compensation in all 21 cases was referred to commissioners under Rule 71A(h), Federal Rules of Civil Procedure, 28 U.S.C.A.[2] A motion of the United States to vacate this order was denied by respondent after hearing, and the present proceeding was then instituted.

The United States contends that the orders of reference demonstrate that these are not proper cases for reference to commissioners under the Rule and that the considerations which prompted the action of respondent judge are not proper considerations under the Rule; that, under these circumstances, respondent judge was without discretionary authority to refer the matters; that by his actions the United States wrongfully has been deprived of jury trials upon the issue of just compensation. In our view, such contentions if established, would justify issuance of the writ under LaBuy v. Howes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, and Beacon Theatres, Inc. v. Westover, 1959, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988. In seeking a review of an interlocutory order of the District Court by this extraordinary remedy, however, the burden upon the United States is a heavy one. There must be a showing of "clear abuse of discretion or 'usurpation of judicial power.'" LaBuy v. Howes Leather Co., supra, 352 U.S. at page 257, 77 S.Ct. at page 314; Bankers Life & Casualty Co. v. Holland, 1953, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106. It must appear that "its right to issuance of the writ is 'clear and indisputable.'" Bankers Life & Casualty Co. v. Holland, supra, 346 U.S. at page 384, 74 S.Ct. at page 148.

1. (a) Lemoore Naval Air Station, condemnation of 30,490.34 acres, 4 cases involving 159 parcels and 1,475 owners; (b) Success Dam and Reservoir, condemnation of 3,751.64 acres, 3 cases involving 47 parcels, with many sub-parcels, and 330 owners; (c) Terminus Dam and Reservoir, condemnation of 2,920.93 acres, 5 cases involving 33 parcels, with many sub-parcels, and 185 owners; (d) Casitas Dam and Reservoir, condemnation of 6,964.41 acres, 9 cases involving 39 parcels and 135 or more owners.

2. "Trial. If the action involves the exercise of the power of eminent domain under the law of the United States, any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it. If a commission is appointed it shall have the powers of a master provided in subdivision (c) of Rule 53 and proceedings before it shall be governed by the provisions of paragraphs (1) and (2) of subdivision (d) of Rule 53. Its action and report shall be determined by a majority and its findings and report shall have the effect, and be dealt with by the court in accordance with the practice, prescribed in paragraph (2) of subdivision (e) of Rule 53. Trial of all issues shall otherwise be by the court."

The position of the United States is that the purpose of the respondent judge was to relieve the calendar congestion facing the District Court. The United States asserts that by these orders respondent judge has referred all condemnation cases pending before him. It refers to the action of respondent judge as a "blanket order" and contends that, if such procedural practice is permitted, jury trial may well be lost to all litigants upon the issue of value in condemnation cases.

■ A condition of calendar congestion standing alone is not justification for a reference to commissioners under the Rule. Cf. LaBuy v. Howes Leather Co., supra; United States v. Kirkpatrick, 3 Cir., 1951, 186 F.2d 393.

■ In these cases, however, the orders clearly demonstrate that the court had other considerations in mind. Compare United States v. Theimer, 10 Cir., 1952, 199 F.2d 501. The orders did, it is true, deal extensively with the problems of congestion facing the court. This is perhaps understandable since respondent is the Chief Judge of the District and such problems are peculiarly his concern. In addition to calendar congestion, however, the orders gave consideration to (1) the nature of the property, its varied terrain and uses; (2) the kind or type and nature of the rights or interests in the property for which just compensation was claimed; (3) the complexity of the issues involved; (4) the improbability, if not impossibility, of trying the issue of just compensation of the various properties before one jury; and (5) the probability that the appointment of commissioners would result in more uniformity of awards for like property than could be expected if each case were tried by a jury.[3]

■ The United States asserts that, while mention is made of these considerations, they are not shown to apply to any specific parcel or ownership, but are mentioned generally as applying to all lands included within each order. Further, it asserts that the orders wholly failed to show wherein the circumstances as to any of the considerations mentioned are extraordinary or unusual. The United States contends in this regard that a burden is upon the judge in each order of reference to show facts justifying his exercise of discretion under the Rule; that the orders are therefore insufficient to support an exercise of discretion.

■ This contention we reject. The United States concedes that as to each project various parcels taken are similar in character and use. In cases such as these, involving multiple takings for large governmental projects, it is our understanding that the Rule allows as proper a grouping of similar parcels for consideration, to the end that discrimination be avoided and uniformity in compensation be had. See authorities cited in footnote 3. The very use of the word "quantity" in the Rule lends support to such construction.

■ Each order shows upon its face that all the listed considerations were in the mind of the judge as to the lands taken for each project and were felt by him to warrant an exercise of his discretionary authority. We shall not, for lack of specification or detail, presume to the contrary. The burden instead is upon the United States to make a clear showing to this Court that such factors were not involved in these cases. This burden the United States has failed to meet.

Writ denied.

3. Complexity has been recognized to be a valid consideration under the Rule: United States v. Buhler, 5 Cir., 1958, 254 F.2d 876, 880; United States v. Cunningham, 4 Cir., 1957, 246 F.2d 330, 333; United States v. Waymire, 10 Cir., 1953, 202 F.2d 550 (Semble). The same is true as to the consideration of quantity and uniformity: Note of Advisory Committee on Rules, Supplementary Report, 28 U.S.C.A., Rule 71A (1958 Supp.); United States v. Bobinski, 2 Cir., 1957, 244 F.2d 299, 300 (dictum).