UNITED STATES v. 3,928.09 ACRES OF LAND, MORE OR LESS, IN McCORMICK COUNTY, SOUTH CAROLINA et al.

UNITED STATES v. 3,906.24 ACRES OF LAND, MORE OR LESS, IN McCORMICK COUNTY, SOUTH CAROLINA et al.

UNITED STATES v. 12,138.74 ACRES OF LAND, MORE OR LESS, IN McCORMICK COUNTY, SOUTH CAROLINA et al.

UNITED STATES v. 5,231.66 ACRES OF LAND, MORE OR LESS, IN McCORMICK COUNTY, SOUTH CAROLINA et al.

Nos. 786, 1033, 1038, 1073.

United States District Court,
W. D. South Carolina,
Greenwood Division.

Dec. 22, 1951.

128

J. Edward Williams, Acting Asst. Atty. Gen., U. S. Dept. of Justice, Charles D. Russell, Sp. Asst. to Atty. Gen., Savannah, Ga., John C. Williams, U. S. Atty., Greenville, S. C., for plaintiff.

D. W. Robinson, Columbia, S. C., for Twin City Power Co., South Carolina.

WYCHE, Chief Judge.

This matter comes before the Court on the motion of the Twin City Power Company asking that the issue of just compensation in each of these proceedings in so far as it affects it be referred to commissioners as provided in the Federal Rules of Civil Procedure, rule 71A(h), 28 U.S.C.A.

A similar motion was filed by the Twin City Power Company of Georgia in the three condemnation proceedings pending in the Southern District of Georgia affecting that corporation, which is a wholly owned subsidiary of the Twin City Power Company.

For the convenience of counsel and because the moving papers suggested the naming as commissioners the same individuals by the United States District Judge for the Southern District of Georgia and the United States District Judge for the Western District of South Carolina, Judge Frank M. Scarlett of the Southern District of Georgia, and I, sat together at Aiken, South Carolina, to hear these motions.

The motions were opposed by the United States upon the ground that the facts in these cases were not such as to justify the appointment of commissioners within the meaning of subdivision (h) of Rule 71A, and because the only peculiarity involved in this case was a claim of power value.

The United States also took the position that this Court could not appoint as a commissioner any one other than a resident of the Western District of South Carolina, and therefore, the same individuals could not serve as commissioners under appointment of this Court and under appointment of the District Court for the Southern District of Georgia.

After fully considering these positions and hearing arguments of counsel, I have reached the conclusion that the motion should be granted and that this Court should name the same individuals as commissioners as does the District Court for the Southern District of Georgia.

The Twin City Power Company and the Twin City Power Company of Georgia together own a large acreage acquired by them for the development of a power reservoir in the neighborhood of Price's Island on the Savannah River. If these cases are tried by juries, one in South Carolina and one in Georgia, it will be difficult for the juries to evaluate the technical testimony and to properly determine the power value and the issue of severance damages which may be present in these cases. U. S. v. 1,523.63 Acres of Land, D. C., 86 F.Supp. 467.

The report of the Advisory Committee which recommended to the Supreme Court the adoption of subsection (h) of Rule 71A demonstrates that the method of trying condemnation matters before commissioners has worked well in the Tennessee Valley area and this committee has indicated. its opinion that in the TVA type of case commissioners are preferable to juries. U.S. Code, Congressional and Administrative Service 1951, Vol. 4, p. 867–869. The Twin. City companies own an integrated site on both sides of the Savannah River, which has been under consideration for power development for several decades. It is the type of case which experience shows should be tried before commissioners.

The position that the Court may not appoint a non-resident of the District as a commissioner is not sustained by the language of the rule which has no limitation as to residence. As a matter of fact the commissioner portion of the rule is based on the TVA experience where Congress in the condemnation statute applicable there has expressly said that the commissioners "shall not be selected from the locality wherein the land sought to be condemned lies." 16 U.S.C.A. § 831x.

It is obvious that if the same individuals are appointed by Judge Scarlett and by me the parties will be saved the expense of two trials and the cases will be expedited.

It is, therefore,

Ordered and Adjudged.

1. That the issue of just compensation in the above entitled proceedings in so far as they affect the Twin City Power Company be and hereby are referred to three commissioners to be hereafter named by the Court.

2. That these commissioners shall be the same three individuals as are named by Judge Scarlett of the Southern District of Georgia in the condemnation proceedings there affecting the lands of the Twin City Power Company of Georgia.

3. That these commissioners are authorized to hear the issues presented in the South Carolina cases with similar issues relating to the value of the lands of the Twin City Power Company of Georgia now pending in the Southern District of Georgia.

4. These commissioners shall have the power of a master and shall be governed by the provisions of Rule 53 of the Rules of Civil Procedure so far as they are applicable.