UNITED STATES of America,
Plaintiff,

v.

15.3 ACRES OF LAND, MORE OR LESS, SITUATE IN THE CITY OF SCRANTON, COUNTY OF LACKAWANNA, AND COMMONWEALTH OF PENNSYLVANIA, and Delaware, Lackawanna and Western Railroad Company, et al., Defendants.

Civ. A. No. 5051.

United States District Court
M. D. Pennsylvania.

May 6, 1955.

J. Julius Levy, U. S. Atty., Scranton, Pa., Harry T. Dolan, Special Asst. to the Atty. Gen., for plaintiff.

Gomer W. Morgan, Scranton, Pa., Rowland L. Davis, Jr., New York City, Walter L. Hill, Jr., of Harris, Warren, Hill & Henkelman, Scranton, Pa., for defendants.

JOHN W. MURPHY, Judge.

Under the circumstances here present, in view of Rule 71A(h) of the Federal Rules of Civil Procedure effective as of August 1, 1951, what procedure should be adopted in determining the issue of just compensation for property taken by the Government under the power of eminent domain? The government contends that in view of its demand the matter may be determined only by a jury; defendant railroad company counters that the matter is of such a nature that it should be determined by a commission appointed by the court.

At the request of the Secretary of the Army for the taking of property for military purposes under the power of eminent domain,[1] plaintiff proceeded to con-

---

1. Act February 26, 1931, 40 U.S.C.A. § 258a and amendments and supplements thereto; Act August 1, 1888, 40 U.S.C.A. § 257; Acts August 18, 1890, as amended, July 2, 1917, April 11, 1918, 50 U.S. C.A. § 171 (acquisition for military purposes); Act July 17, 1953, Pub.Law 130, 83d Congress (acquisition), 50 U.S. C.A.Appendix, §§ 1173–1175; Act August 1, 1953, Pub.Law 179, 83d Congress (Appropriating funds), 67 Stat. 336.

demn [2] and to acquire a fee simple title to 15.3 acres of land, more or less, and improvements thereon together with the right to surface support, excepting coal and minerals not necessary for such support.[3] The property involved was owned at the time of the taking [4] by the Delaware, Lackawanna and Western Railroad Company and located in the City of Scranton in this district. Prior to its being leased by defendant railroad company to the United States Hoffman Machinery Corporation, under contract to produce large caliber artillery shells for the government, the property in question was part of a larger tract which, with the improvements thereon, was used by defendant railroad company principally for the repair and maintenance of its locomotives. Included in the portion taken are buildings, structures and installations involving heavy construction, overall some 450,310 sq. ft. of floor space (a basement and subway area consisting of 150,000 sq. ft.; Production Shop 280,810 sq. ft.; Forge Shop 84,381 sq. ft.; Heat Treat Building 44,751 sq. ft.; Office Building 40,368 sq. ft.) and, in addition, parking facilities.

Defendant railroad company contends [5] that prior to and during the time of the lease up to the date of taking, the lessor and lessee made extensive alterations, improvements and changes to adapt the premises to the requirements of the lessee; that as a result thereof and by reason of installations in and on the premises by the plaintiff prior to the taking, there may be divergent conflicting and complex theories as to the elements and basis to be considered in determining the issue of just compensation. See United States v. Miller, 1942, 317 U.S. 369, at page 374, 63 S.Ct. 276, at page 280, 87 L. Ed. 336, " * * * value is to be ascertained as of the date of taking".

Involved is 15.3 acres of land located in the central part of the city, a relatively large industrial operation, sizeable buildings, heavy machinery, overhead cranes; reservations, exceptions and easements; the question of possible severance damages; what installations, if any, can be removed without interfering with the nature and usefulness of the property in question for the purposes for which it was adapted; determination of the amount of coal required to be left in place for requisite surface support; what, if any, coal and minerals may safely be removed; the value of the land, the improvements, and the "third estate". As to the latter, see Smith v. Glen Alden Coal Co., 1943, 347 Pa. 290, at pages 298, 301, 304, 32 A.2d 227.

We note by way of analogy a statement by the Supreme Court of Pennsylvania in Glen Alden Coal Company case, 1944, 350 Pa. 177, at page 182, 38 A.2d 37, 39, "The question as to the amount of coal that should be left in place for the purpose of furnishing support to * * * land taken under the right of eminent domain, as well as the value of such coal, is one that requires enormous technical and expert knowledge and with which ordinary viewers would be utterly unable to cope. The determination of the value of surface lands is something within the intellectual ken of ordinary citizens, but the question of the extent and value of the 'third estate' is a subject requiring a compre-

2. F.R.C.P. 28 U.S.C.A. Rule 71A.

3. Title to coal and minerals thereunder was previously severed. Included in the taking was a major portion of Parcel A, a small portion of Parcel B. It is not clear to what extent coal and minerals had already been mined or how much thereof remains in place.

4. Contemporaneous with the declaration of taking, plaintiff deposited $860,000 in the Registry Fund of the court as an estimated amount of just compensation. Upon motion of Delaware, Lackawanna & Western Railroad Co. and order of court, possession was delivered; and upon motion the sum deposited released to defendant railroad company without prejudice.

5. See supporting affidavits.

hension of scientific principles and their application, and this fact justifies the creation of a different tribunal to deal with that problem." (In Pennsylvania the State Mining Commission Act of June 1, 1933, P.L. 1409, July 18, 1935, P.L. 1306, May 25, 1937, P.L. 891, July 3, 1941, P.L. 259, 52 P.S. § 1501, and see Id. §§ 1502, 1507.)

Upon petition by defendant railroad company denying that $860,000 was just and fair compensation for the property and interest described, the $860,000 previously deposited in the Registry Fund of the court was paid to defendant railroad company without prejudice.

For present purposes the pertinent part of subsection (h) is as follows: "* * * any party may have a trial by jury of the issue of just compensation by filing a demand therefor * * * unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it." See notes of Advisory Committee on Rules, 28 U.S.C.A. following Rule 71A; 3 Moore's Federal Practice, 1954, Cumm. Supp. p. 59 et seq., p. 67 et seq., p. 79 et seq., and particularly at p. 96 quoting from a supplementary report of the Advisory Committee, March 1951, "* * * it would be difficult to state in a rule the various conditions to control the District Court in its choice and we have merely stated generally the matters which should be considered by the District Court * *. (p. 97) * * * The Committee are convinced that there are some types of cases in which use of a Commission is preferable and others in which a jury may be appropriately used, and that it would be a mistake to provide that the same kind of tribunal should be used in all cases. We think the available evidence clearly leads to that conclusion."

The government points to United States v. Theimer, 10 Cir., 1952, 199 F.2d 501, but see and cf. United States v. Wallace, 10 Cir., 1952, 201 F.2d 65, at page 66, Phillips C. J., United States v. Waymire, 10 Cir., 1953, 202 F.2d 550, at page 552, "The situation presented multiple circumstances calling for the consideration of various elements in arriving at just compensation." United States v. Certain Lands, etc., D.C.Mo.1952, 109 F. Supp. 618, "right-of-way for a power line"; United States v. 44 Acres of Land, D.C.S.C.1954, 121 F.Supp. 862; United States v. 2792.82 Acres of Land, etc., D.C.S.C.1953, 114 F.Supp. 76 (supporting affidavits as here); United States v. 3928.09 Acres of Land, etc., D. C.S.C. 12 F.R.D. 127 at page 128, "* * it will be difficult for the juries to evaluate the technical testimony and to properly determine the power value and the issue of severance damages which may be present in these cases". United States v. 10,064.97 Acres of Land, etc., D.C.Wyo. 1952, 12 F.R.D. 393; and see United States v. Hirsch, 2 Cir., 1953, 206 F.2d 289 (an aircraft plant); United States v. Certain Parcels of Land in City of Philadelphia, 3 Cir., 1954, 215 F.2d 140, at page 142 (Merchants Exchange property); United States v. City of New York, 2 Cir., 1948, 165 F.2d 526, at page 531, 1 A.L.R.2d 870; United States v. 53¼ Acres of Land, etc., D.C.E.D.N.Y. 1942, 48 F.Supp. 768.

██ While the triers of fact cannot act in any case upon particular facts material to its disposition resting in their private knowledge but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry. United States v. 44 Acres of Land, etc., supra, 121 F.Supp. at page 871; Head v. Hargrave, 105 U.S. 45, at 49, 26 L.Ed. 1028; cf. Vol. 7, Wigmore on Evidence, 3rd Ed., § 1920 F.N. 2, p. 17, Id. Vol. 9, § 2570 at p. 545 and Pocket Supp.; 18 Am.Jur. Eminent Domain, § 355, p. 999.

In a situation involving the question heretofore suggested, in the judgment of the court and in the interest of justice, a more just and fair determination could be made by those having a background of knowledge sufficient to enable them to cope with the expert testimony which undoubtedly would have to be offered in bringing about a solution of the problems herein involved.

We will therefore in an order handed down this date name a commission to determine the issue of just compensation. It devolves on the commissioners to use the utmost good faith in seeing that the government is not called on to pay a cent more than the damages done; also, and of equal importance, that the landowner is not required to accept one cent less than his actual damage.