**UNITED STATES of America,**
**Plaintiff,**

v.

**1,584.11 ACRES OF LAND, MORE OR LESS, IN BEAUFORT COUNTY, SOUTH CAROLINA and Charles Simmons, et al., and unknown owners, Parcel No. 7, Defendants.**

Civ. A. No. 5166.

United States District Court
E. D. South Carolina,
Charleston Division.

May 29, 1956.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., Frank H. Cormany, Sr., Asst. U. S. Atty., Aiken, S. C., for plaintiff.

Hagood, Rivers & Young, Charleston, S. C., Dowling & Dowling, Thomas & Thomas, Beaufort, S. C., Robert McC. Figg, Jr., Charleston, S. C., Stathers & Cantrall, Clarksburg, W. Va., Julian S. Levin, Beaufort, S. C., Charles E. Washington, Jr., W. Brantley Harvey, W. Brantley Harvey, Jr., Beaufort, S. C., for defendants.

WILLIAMS, District Judge.

The defendant J. O. Youngblood has moved that the issues of just compensation relating to property condemned by the United States of America in which this defendant has an interest be tried before and determined by a commission of three persons to be appointed by the Court.

Subdivision (h) of Rule 71A of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in substance that any party to a condemnation proceeding pending in the United States Courts may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or

within such further time as the Court may fix "unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it." This rule was adopted on April 30, 1951, in order to establish a uniform and simplified procedure to follow in condemnation cases which previously had followed the procedures in the various states. From reading the historical outline of the adoption of the rule as set forth in 28 U.S.C.A., it appears that neither the advisory committee nor the Supreme Court felt that the exact circumstances and conditions under which a case should be referred to a commission could be appropriately spelled out and, accordingly, determined that the rule should be flexible enough to meet the endless variety of situations which might arise. It seems to me that the rule clearly intends that where there are uncomplicated conditions to be considered in determining just compensation, trial by jury must be granted if demanded by either of the parties, but that in exceptional cases where unusual circumstances or conditions exist with respect to the character, location or quantity of the property to be condemned or where for other reasons the interest of justice would better be served the Court may exercise its discretion in the appointment of a commission to determine the issue of just compensation.

In United States v. Waymire, 10 Cir., 1953, 202 F.2d 550, 552, the Court was called upon to review the appointment by the District Court of a commission to determine the issue of just compensation in spite of the Government's demand for a jury trial. The Court upheld the right of the District Judge to exercise his discretion in appointing a commission under the circumstances involved in the instant case and summarized some of the elements which constituted the unusual circumstances involved as follows:

> The situation presented multiple circumstances calling for the consideration of various elements in arriving at just compensation. These elements included the value of land taken in fee, severance value, flowage easement value, value of improvements, and other factors inhering in the situation. In view of all these facts and circumstances considered in their totality, it cannot be said that the court erred in appointing a commission to fix just compensation for the various properties and rights in properties to be condemned.

A similar conclusion was reached in United States v. Wallace, 10 Cir., 1952, 201 F.2d 65, where the unusual conditions were stated to be that the land was situated a long distance from a Federal Court Town, which would make it expensive and inconvenient for jurors and witnesses and that the land had a peculiar value for hunting and fishing.

A similar conclusion was presented to the Court in the Western District of South Carolina in U. S. v. 3928.09 Acres of Land, Etc., D.C.W.D.S.C.1951, 12 F.R. D. 127. A Commission was appointed over the opposition of the United States on the ground that it would be difficult for juries to evaluate the technical testimony and to properly determine the power value and the issue of severance damages which might be presented.

■ In the light of the numerous elements involved in the determination of just compensation in this case, it is my opinion that a jury would find it difficult to properly comprehend and evaluate all of the elements of proof and legal instructions given to it during the course of a trial.

The property is located at Beaufort, South Carolina, which is about 69 miles from Charleston, South Carolina, where the case is to be tried. It consists of real estate on which six buildings are located, one of which has heretofore been used as a cannery for tomatoes, beans and other vegetables. In order to operate the cannery efficiently, it was necessary to have the different facilities required

for such an operation installed and these facilities consisted of washing, vats, steam kettles with special cement foundations, and various other machinery. The remaining buildings consist of a warehouse, a boiler house, a small storage house, and two dwellings. The value of this property is affected by the type of construction used, the proximity of supplies, and its adjacency to the public streets of the City of Beaufort. These factors lead me to believe that this is a case in which I should exercise the discretion granted to this Court to appoint a Commission to try the issues of just compensation rather than to leave these issues to be determined by a jury. The character and the location of the property to be condemned lead me to conclude that defendant's motion should be granted. Accordingly, it is

Ordered that the issue of just compensation in the above entitled cause be and it is hereby referred to a commission composed of C. W. Muldrow of Florence, S. C., L. T. Coward of Lake City, S. C., and William E. Fripp of Walterboro, S. C., and it is further

Ordered that the said commission shall have the power of a Master and shall be governed by the provisions of Rule 53 of the Rules of Civil Procedure so far as they are applicable; and it is further

Ordered that C. W. Muldrow is hereby constituted and appointed Chairman and Presiding Officer of the said commission and shall call the members of the commission into session for the purpose of organization, outlining procedure, fixing a date for hearing and for consideration and disposition of any other matters properly coming before them, to which first meeting the parties in interest and their counsel shall be invited to attend; and it is further

Ordered that the action and report of the said commission shall be determined by a majority of the persons composing the same and the commission shall file with this Court its written report con-

taining its findings and recommendations; and it is further

Ordered that certified copies of this order be mailed to members of the commission and to the attorneys of record for the respective parties.