UNITED STATES of America, Plaintiff,

v.

**4.16 ACRES OF LAND, MORE OR LESS, IN THE COUNTIES OF EL DORADO AND PLACER, State of CALIFORNIA, County of El Dorado, et al., and Unknown Owners, Defendants.**

Civ. No. 6616.

United States District Court
N. D. California, N. D.
Jan. 22, 1957.

Lloyd H. Burke, U. S. Atty., and John E. Lynch, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Al B. Broyer, Dist. Atty., Auburn, Cal., Jack Winkler, Dist. Atty., Placerville, Cal., John P. Horgan and Jack M. Howard, San Francisco, Cal., for defendants.

HALBERT, District Judge.

■ This Court has previously decreed, by judgment entered May 28, 1956, that the award of compensation in this case must include the reasonable replacement cost of substitute bridge and road facilities. Defendants have moved for the referral of the issue of just compensation for such facilities to a commission under the provisions of Rule 71A(h), Fed.Rules Civ.Proc., 28 U.S.C.A. Plaintiff has made timely demand for jury trial in the case and opposes the granting of defendants' motion. Hence, the sole issue for determination at this time is whether, in the discretion of the Court, the facts of this case warrant referral to a commission pursuant to Rule 71A(h).

It is not to be doubted that the Court is given wide discretion in this matter, United States v. Theimer, 10 Cir., 199 F.2d 501, and in exercising that discretion, the Court may take into consideration the "character, location, or quantity of the property to be condemned, or * * * other reasons in the interest of justice", Rule 71A(h), supra.

While some courts have chosen to limit the trial court's discretion to refer the case to a commission to situations where the facts are exceptionally and extraordinarily complex, United States v. Theimer, supra, others have upheld commission referrals merely because the property involved was remotely located, United States v. Wallace, 10 Cir., 201 F.2d 65, or the property for which compensation was sought was subject to many and varied usages, United States v. Waymire, 10 Cir., 202 F.2d 550; United States v. 1,584.11 Acres of Land, D.C., 141 F.Supp. 720; United States v. Chamberlain Wholesale Grocery Co., 8 Cir., 226 F.2d 492, or the valuation of the interest to be taken could only be determined by highly technical evidence. United States v. 4.43 Acres of Land, D.C., 137 F.Supp. 567. The March, 1951 Report of the Advisory Committee to the Supreme Court on Rule 71A(h) [as incorporated in 7 Moore, Federal Practice, § 71A.06(2)] makes it abundantly clear that the success of the commission system in large projects like the T.V.A., where uniformity of award and the remoteness of the property involved made jury determinations unfeasible, was the primary motivating factor behind the rule. The Committee, however, chose not to place any strict limitations on the court's discretion by recognizing that any given District Court might be influenced in the exercise of its discretion by local preferences, and the preferences of the Department of Justice and the reasons given therefor (7 Moore, Federal Practice, at p. 2742).

■■ With such a broad grant of discretion well in mind, this Court is of the opinion that in the absence of compelling reasons why a commission hearing would produce a more fair result than a jury trial, the motion should not be granted, even if the progress of the trial would thereby be expedited. Granted that in this case the evidence bearing on the replacement costs of the bridge and road facilities condemned by plaintiff will, of necessity, be of a technical nature, that, of itself, is not a sufficient reason to warrant the conclusion that a jury is any less capable of reaching a fair and reasonable figure than a commission. To entertain doubts about a jury's ability to understand and apply in a fair manner the testimony of technical experts is to tacitly admit that the jury system is effective only in the most simple cases. This Court is committed to a different policy. Furthermore, the location of the proposed substitute facilities is not so remote as to render unfeasible and impractical attempts to familiarize

the jury with the area. While it might well be that a commission could arrive at its determination with more ease and celerity, there is nothing to indicate that such a determination would be more fair and reasonable than that which might be rendered by a jury in the case. In view of the foregoing considerations, it is the opinion of the Court that the motion for referral to a commission should be denied.

It Is, Therefore, Ordered that defendants' motion for an order that the issue of compensation be determined in this case by a commission of three persons to be appointed pursuant to the provisions of Rule 71A(h), F.R.C.P., be and the same is hereby denied.