UNITED STATES of America,
Plaintiff,

v.

15.3 ACRES OF LAND, More or Less,
Situate IN THE CITY OF SCRANTON,
County of Lackawanna and Common-
wealth of PENNSYLVANIA, and Del-
aware, Lackawanna & Western Rail-
road Company, et al., Defendants.

Civ. A. No. 5051.

United States District Court
M. D. Pennsylvania.

Dec. 12, 1957.

Harry T. Dolan, Brooklyn, N. Y., and J. Julius Levy, U. S. Atty., Scranton, Pa., for plaintiff.

Rowland W. Davis, Jr., New York City, Walter L. Hill, Jr., and Joseph C. Kreder (of Warren, Hill, Henkelman & McMenamin), Scranton, Pa., for defendants.

JOHN W. MURPHY, Chief Judge.

In this condemnation proceeding, contemporaneous with filing the Complaint, Fed.Rules Civ.Proc. Rule 71A, 28 U.S. C.A., and Declaration of Taking, 40 U.S. C.A. § 258a, estimated just compensation of $860,000 was deposited and upon its application released to defendant as payment on account. A commission duly appointed, United States v. 15.3 Acres of Land, etc., D.C.M.D.Pa., 17 F.R.D. 337, found just compensation to be $1,720,700. Objections by plaintiff and defendant were overruled; findings of fact and conclusions of law confirmed; the amount of the award sustained. United States v. 15.3 Acres of Land, etc., D.C.M.D.Pa., 154 F.Supp. 770.

Shortly thereafter, reserving the right to appeal, an additional $860,700, representing the balance of the award, was deposited and on defendant's application paid on account.

"The owner is not limited to the value of the property at the time of the taking; 'he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.' Interest at a proper rate 'is a good measure by which to ascertain the amount so to be added.' Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 306, 43 S.Ct. 354, 356, 67 L.Ed. 664." Jacobs v. United States, 1933, 290 U.S. 13, at page 17, 54 S.Ct. 26, at page 28, 78 L.Ed. 142. "* * * interest at the rate of 6 per centum per annum * * *", 258a, supra.

■ As a matter of law the deposit should be applied first to accrued interest on the balance unpaid from the date of taking, August 23, 1954, to the date of the second deposit, August 22, 1957, i.e., $154,784.51; the balance, $705,915.-49 to principal. See United States v. Hirsch, 2 Cir., 1953, 206 F.2d 289, at page 295. With this proposition plaintiff and defendant presently concur. There remains unpaid $154,784.51, together with interest at 6% per annum from August 22, 1957, to the date of payment.

■ Long before the passage of § 258a or adoption of the Rule 71A, the rule of law was that "* * * money, when deposited, becomes in law the property of the party entitled to it, and subject to the disposal of the court." United States v. Dunnington, 1892, 146 U.S. 338, at page 351, 13 S.Ct. 79, at page 83, 36 L.Ed. 996; United States v. 53¼ Acres of Land, etc., 2 Cir., 1949, 176 F.2d 255, at page 258. § 258a made no change in that regard. United States v. Foster, 8 Cir., 1942, 131 F.2d 3, at page 7. "The purpose of the statute is twofold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property. The Act recognizes that there may be an error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall receive the excess with interest." United States v. Miller, 1943, 317 U.S. 369, at page 381, 63 S.Ct. 276, at page 283, 87 L.Ed. 336, 147 A.L.R. 55.

■ "The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; it is a payment 'on account of' compensation and not a final settlement of the amount due." Id. 317 U.S. at page 381, 63 S.Ct. at page 284. The deposit by the government is in a sense "earnest money" commensurate with the value it has placed upon the property. There is also the promise to deposit any additional funds necessary to make up the amount which will ultimately be found to be just compensation should the award exceed the original deposit. Thibodo v. United States, D.C.S.D.Cal.1955, 134 F.Supp. 88, at page 95.

Rule 71A(j) provides " * * * if the compensation finally awarded * * * exceeds the amount which has been paid to him on distribution of the deposit, the court shall enter judgment against the plaintiff and in favor of that defendant for the deficiency * * * "; 258a, " * * * if the compensation finally awarded * * * shall exceed the amount of the money so received * * * the court shall enter judgment against the United States for the amount of the deficiency."

As to the deposit itself: Rule 71A(j) provides, "The plaintiff shall deposit with the court any money required by law as a condition to the exercise of the power of eminent domain; and, although not so required, may make a deposit when permitted by statute."

■■ As to the former, see United States v. 1,997.66 Acres of Land, etc., 8 Cir., 1943, 137 F.2d 8, at pages 11–12. As to the latter, § 258a does not assume to erect a complete condemnation procedure. It provides rather a supplemental and optional course, United States v. 17,280 Acres of Land, etc., D.C.D.Neb. 1944, 57 F.Supp. 745, at page 746, whereby the United States may at any time before judgment file a declaration of taking, estimating the amount of just compensation, accompanying it with a deposit. The judgment in question means that which finally determines the "just compensation" to be awarded. Catlin v. United States, 1945, 324 U.S. 229, at pages 233, 239, 242–243, 65 S.Ct. 631, at pages 636, 638, 89 L.Ed. 911. The government is not required to file a Declaration of Taking. If it elects to do so it must estimate the value of the property taken and make such sum available as compen-

sation to the land owner. The amount may be increased or decreased by final judgment. United States v. Catlin, 7 Cir., 1944, 142 F.2d 781, at page 783. United States v. 1,997.66 Acres of Land, etc., supra, 137 F.2d at page 13, holds that there is nothing in the Declaration of Taking Act inconsistent with an exercise of the implied, inherent authority of the district court to allow the United States to amend the declaration of taking filed in a condemnation proceeding, for the purpose of reducing (or increasing) an erroneous estimate of just compensation. "This construction merely seeks, by reasonable and sound implication, to give practical effect to the fundamental purposes and policies of the Act, on a point on which the Act itself is silent, in a manner that does no violence to the basic or substantive rights that are involved in the proceeding." Id. 137 F.2d at page 13. We agree. See and cf. United States v. 44.00 Acres of Land, etc., 2 Cir., 1956, 234 F.2d 410, at page 415.

Making the second deposit was in effect pro tanto an amendment to the declaration of taking but within the purview of § 258a.

In United States v. Hirsch, supra, 206 F.2d at page 291, "judgment" of condemnation was entered at the time of filing the original petition, but see and cf. United States v. Catlin, supra. Later the district court confirmed the finding as to valuation and entered judgment for the deficiency. After an appeal was taken the government made an additional deposit. The right to make such deposit after judgment and its effect in stopping the running of interest was questioned and sustained by the district court, see Id., 206 F.2d at page 293, and, although found not to be in accord with the Decla-

ration of Taking Act, 40 U.S.C.A. § 258a, the practice was nevertheless approved apart and distinct from the statute itself. See 7 Moore's Federal Practice, 2d Ed., § 71A.20(3), p. 2768, and see § 71A.110 (3), p. 2802. Here the deposit was made before judgment and was therefore within the practice approved by Rule 71A(j) and 40 U.S.C.A. § 258a. In compliance therewith judgment will be entered only for the deficiency, i. e., the balance of the principal amount of the award and an allowance for delay in payment.

Defendant's attorneys' fees and expenses are not embraced within just compensation for land taken by eminent domain. Dohany v. Rogers, 1930, 281 U. S. 362, at page 368, 50 S.Ct. 299, at page 302, 74 L.Ed. 904, 68 A.L.R. 434. Likewise as to defendant's costs. See United States v. 254.35 Acres of Land, etc., D.C. W.D.La.1942, 46 F.Supp. 913, 914; Moore, Id. § 71A.130(3), p. 2808 et seq.

Because of the nature of the circumstances involved, see United States v. 15.3 Acres of Land, etc., supra, 17 F.R.D. at page 338; Id., 154 F.Supp. 770, we appointed a commission with expert qualifications. They performed their duties in a most competent manner and should be adequately reimbursed for the services rendered. See and cf. United States v. 44.00 Acres of Land, etc., supra, 234 F.2d at pages 414, 416, and see Moore Id. 71A.130(2) referring to committee note to subdivision 1, quoting from Lands Division Manual, § 121, p. 861, "* * * commissioners' fees * * are properly charged to the government, though not taxed as costs * * * "

Judgment will be entered in accordance herewith.

An order will be filed fixing the commissioners' compensation.