**UNITED STATES of America,**
**Plaintiff,**

v.

**Certain Interests in property in Solano County, State of California, FAIR-FIELD GARDENS, Inc., a California Corporation, et al., Defendants.**

**Civ. No. 7643.**

United States District Court
N. D. California, N. D.

Jan. 17, 1958.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., and Charles R. Renda, Asst. U. S. Atty., San Mateo, Cal., for plaintiff.

Gregory A. Harrison, Malcolm T. Dungan and Brobeck, Phleger & Harrison, San Francisco, Cal., and John F. Downey and Downey, Brand, Seymour & Rohwer, Sacramento, Cal., for defendant Fairfield Gardens, Inc.

HALBERT, District Judge.

This is an action involving the condemnation of defendant's leasehold interests in a tract of land situated at the Travis Air Force Base near Fairfield, California. Defendant, Fairfield Gardens, Inc., holds the property under a long term

lease from the plaintiff, and has used it to provide housing facilities for base personnel. Situated on the tract are some 980 dwelling units, administrative facilities, carports, roadways and related incorporeal interests, for all of which defendants seek compensation. Defendants have moved for referral of the issue of compensation to a commission pursuant to the provisions of Rule 71A(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The motion is resisted by plaintiff, who has made a timely demand for trial by jury.

This Court has recently had occasion to express its general views on the propriety of using a commission to decide compensation issues in condemnation actions (See United States v. 4.16 Acres of Land, Etc., D.C.N.D.Cal., N.D., 20 F.R.D. 89). Little would be gained by a restatement of the policy considerations underlying the Court's ultimate conclusion in that case that the commission practice is to be limited to those extraordinary cases, where, by compelling reasons, it is made apparent that an obviously fairer result would be produced by the use of a commission rather than by following the usual jury trial procedure. The ultimate result, in such matters as this, being largely within the discretion of the trial judge, decisions of trial judges from other districts in other parts of the land are helpful only to the extent that valid reasons, applicable to our own local needs, are given in support of the conclusions which they have reached. In connection with this point, it is worthwhile to again note that the experience with commissions appears to have been something less than satisfactory (See, e. g. United States v. Bobinski, 2 Cir., 244 F.2d 299; United States v. 4475.23 Acres of Land, D.C.E.D.N.Y., 151 F.Supp. 590; and compare: United States v. Cunningham, 4 Cir., 246 F.2d 330).

█ This Court is aware that Judge Oliver J. Carter, of this District, recently ruled in favor of a commission referral, but the need for such a procedure was there manifestly proper (See United States v. Certain Tracts of Land in the City of Richmond, D.C., N.D.Cal., S.D., 21 F.R.D. 389). Factually there is no similarity between that case and the instant case. In that case there are 500 condemnees, 710 parcels of land, 60 square blocks in the heart of a metropolitan area, and 1,230 city lots situated in a multitude of tracts or subdivisions. On the basis of these facts, Judge Carter could hardly have reached any other conclusion than the one which he did. In the instant case there is but *one condemnee, one parcel of land, and, essentially, but one tract of land.* Granted, there is a quantity of detail in connection with the factors which underlie an accurate valuation of the defendant's interest herein, but this, alone, is insufficient to persuade this Court that a more fair result would be obtained by the commission procedure. Furthermore, the various interests of the defendant incident to the basic leasehold, although substantial in number, lend themselves to fairly definitive categorization.

█ This Court recognizes the jury system as an integral part of our legal scheme, and until such time as a better system is, by common consent or decree, substituted for it, or the Congress ordains otherwise, this Court is of the view that it has no authority but to recognize the right of the parties to a trial by jury when it is desired. Only in cases of most extraordinary character, where the ends of justice require such a course, will there be any deviation from this rule. As pointed out above, this case may prove to be somewhat complicated, and difficult of determination, but it does not reach the extraordinary character which would justify its reference to a commission.

It Is, Therefore, Ordered that the motion of the defendant, Fairfield Gardens, Inc., that the issue of compensation be determined in this case by a commission pursuant to the provisions of Federal Rules of Civil Procedure, Rule 71A(h), be, and the same is, hereby denied.