327 F.2d 630
 UNITED STATES of America
v.
355.70 ACRES OF LAND, MORE OR LESS, Situate IN the TOWNSHIPS
OF ROCKAWAY AND JEFFERSON, COUNTY OF MORRIS, STATE
OF NEW JERSEY, and Caleb O. Halstead, et al.
Realty Transfer Company, Hendrik and Lathrope Voorspuy, and
Oak Ridge Lake Park Realty Corporation, Appellants.
 No. 14463.
 United States Court of Appeals Third Circuit.
 Argued Dec. 3, 1963.
Decided Feb. 13, 1964.
 
 Walter Goldberg, Newark, N.J., for appellants.
 Raymond N. Zagone, Dept. of Justice, Washington, D.C. (Ramsey Clark, Asst. Atty. Gen., David M. Satz, Jr., U.S. Atty., Newark, New Jersey, Roger P. Marquis, Atty., Dept. of Justice, Washington, D.C., on the brief), for appellee.
 Before STALEY, HASTIE and GANEY, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 In this proceeding the United States has acquired by eminent domain some 355 acres of land in Morris County, New Jersey. The appellants are owners of different parcels within the condemned area. On this appeal they complain that the trial court refused to allow interest from the date of deposit until the date of distribution upon their respective shares of $26,675. The government had deposited this amount with the court in 1958 at the time of taking as estimated compensation for all of the condemned land, without allocation among parcels.
 
 
 2
 The complaint and the declaration of taking described the condemned land only by a metes and bounds perimeter description of the entire tract. Although the local land records showed that the condemned area included parts of several parcels owned by different persons, the government filed no description of the portion taken from any parcel and nothing to identify the points at which the perimeter of the condemned area intersected the lateral boundaries of various parcels. It could not be determined from anything filed by the government how much of the $26,675 deposit was tendered for any parcel.
 
 
 3
 During a two-year period after the 1958 deposit of estimated compensation, several land owners filed petitions for withdrawal of whatever undetermined amounts might be their lawful shares of the deposited money. These efforts failed and no distribution was made until after a full trial of the issue of just compensation in 1962. However, in our view of the case, these efforts are not of critical importance. The basic question is whether in depositing estimated compensation the government was obliged to allocate the total estimate among the parcels taken in order to stop the running of interest upon that much of the fair value of each property.
 
 
 4
 In deciding what is just compensation for a public taking of private property, courts normally determine and award the fair value of the property at the time of taking. But usually the taking occurs at the beginning of the condemnation proceeding, while the award comes at the end. This means that there is likely to be a substantial period during which the owner has neither his land nor equivalent value in money. In such circumstances, just compensation must include, in addition to fair value at the time of taking, an award for the intervening deprival. To supply this essential element of just compensation, Congress has required that the United States pay 6 per cent interest upon the value at taking from that date until the award is made and paid. 40 U.S.C. 258a.
 
 
 5
 Alternatively, the same section authorized the United States to eliminate or minimize this interval of deprivation and the attendant necessity for compensation in the form of interest by making an advance estimate of value and paying that sum into court at the time of taking for the immediate use of the owner or owners of the condemned land. The statute expressly provides that no interest shall be allowed upon so much of the ultimately awarded compensation as has been thus deposited at the time of taking.
 
 
 6
 In commenting upon this section, the Supreme Court has pointed out that it is designed 'to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property'. United States v. Miller, 1943, 317 U.S. 369, 381, 63 S.Ct. 276, 283, 87 L.Ed. 336. As one court of appeals has observed, it is only the immediate availability of the deposited fund to the land owner which justifies the denial of interest upon that part of the ultimate award. Bishop v. United States, 5th Cir. 1961, 288 F.2d 525, 528.
 
 
 7
 Where a single parcel is taken, a deposit of estimated compensation is obviously a tender of a specific sum in a way that makes it immediately available to anyone who can show clear title to that parcel. But rule 71A(b), Federal Rules of Civil Procedure, as promulgated in 1951, expressly authorizes the joinder of 'separate pieces of property, whether in the same or different ownership', in a single condemnation action.[1] Such aggregation of takings does not alter the necessity that estimated compensation be explicitly tendered or readily calculable for each parcel individually in order that the deposit may have that characteristic of immediate availability which alone justifies the denial of interest between the taking and the ultimate award.
 
 
 8
 A blanket estimate and deposit covering several parcels and not attended by allocation among them is not an effective tender of any sum for any parcel. Natural features, terrain, location and improvements may cause even contiguous parcels to vary substantially in acreage valuation. Moreover, in the present case the complaint and declaration of taking did not even show the acreage taken from each ownership or the percentage relationship of each taking to the total area condemned. Thus, instead of stating or at least making it possible to determine arithmetically a precise sum tendered and immediately available for each parcel, the government imposed upon the owners of the several parcels the substantial and time-consuming burden of proving, and upon the court the burden of deciding, what part of the deposit should be treated as a tender for each parcel. As a practical matter, this meant that an ultimate determination of just compensation for each parcel was necessary before any owner could effectively claim a specific amount as his share of the deposit. In these circumstances, the unallocated sum was not a legally effective deposit within the contemplation of section 258a of Title 40 and, therefore, did not relieve the United States of its normal obligation to pay interest from the time of taking on the subsequent award.
 
 
 9
 Seeking to avoid this conclusion, the government relies upon United States v. 53 1/4 Acres, 2d Cir. 1949, 176 F.2d 255, as holding that a deposit covering several parcels and not allocated among them prevents the running of interest on that much of subsequently determined fair value. There is such language in that decision. However, the court's attention was focused upon conflicting ownership claims within individual parcels. We agree that the inability of a claimant to establish his asserted title to a particular parcel does not prevent a deposit of estimated compensation from being an adequate tender for that parcel. The United States need not pay interest because the distribution of a tendered sum must be delayed to enable claimants of a parcel to litigate title. Since only that aspect of the case seems to have been considered by the Court of Appeals for the Second Circuit, that court's reasoning does not help us to resolve the dispute in this case.
 
 
 10
 It is also noteworthy that in Atlantic Coast Line R.R. v. United States, supra, a deposit without formal allocation among parcels was found to prevent the running of interest. However, the court also found that on the facts of that case the several owners knew or should have known that there had been individual appraisals of the condemned parcels and that the sum deposited was an aggregation of these individual evaluations. In the court's view, the government had done enough to enable each owner to identify and claim a specific sum as the part of the deposit tendered and immediately available for his property. No such separate appraisals occurred here.
 
 
 11
 We have found no decision in which a court has analyzed and resolved a dispute indistinguishable from this one. We are satisfied that under the present circumstances the allowance of interest on the entire award from the date of taking is essential to provide just compensation.
 
 
 12
 The order denying interest will be reversed and the cause remanded for the computation and allowance of interest in accordance with this opinion.
 
 
 
 [1]
 Apparently this provision formally sanctioned a procedure already in use. E.g., Atlantic Coast Line R.R. v. United States, 5th Cir. 1943, 132 F.2d 959