UNITED STATES of America,
Plaintiff,

v.

551.03 ACRES OF LAND, MORE OR
LESS, Situate IN MOULTRIE COUN-
TY, STATE OF ILLINOIS, Emma Kath-
ryn McDavid, et al., Defendants.

Civ. No. CV65–74–D.

United States District Court
E. D. Illinois.

Jan. 4, 1966.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., and Raymond F. Rose, Asst. U. S. Atty., Danville, Ill., for United States.

Robert M. White, White & White, Sullivan, Ill., for defendants Jean Wood, Kathleen Wood, State Bank of Arthur, William Gustin, County Treasurer and and Ex-Officio Tax Collector of Moultrie County, Ill.

Walter R. Brown, St. Louis, Mo., for defendant Federal Land Bank of St. Louis.

Paul M. Hickman, Bullington, White & Hickman, Hillsboro, Ill., for cross-plaintiff, Emma Kathryn McDavid Karsell.

JUERGENS, Chief Judge.

The United States of America instituted this action for the taking of property under the power of eminent domain and for the ascertainment and awarding of just compensation.

Subsequent to filing the complaint, plaintiff moved for order of delivery of possession. The Court signed its order for delivery of possession on November 4, 1965. Notice of condemnation was served upon the parties in interest, which asserted that the land was being taken in accordance with the provisions of Title 40 U.S.C.A. § 258a, Title 33 U.S.C.A. § 591, Title 33 U.S.C.A. § 701, and other acts of Congress set forth in the notice.

Jean Wood and Kathleen Wood filed their motion praying that plaintiff be required to deposit just compensation into the registry of the Court as a condition precedent to the exercise of the power of eminent domain and that the order of Court entered on November 4, 1965 be stayed pending such deposit.

Emma Kathryn McDavid Karsell filed cross-petition, requesting that plaintiff be required forthwith to deposit in the Court the amount of estimated compensation due to her for certain enumerated tracts owned by her and that the plaintiff be not permitted to go on and have possession of the tracts until the deposit was made.

On December 3, 1965, plaintiff offered to deposit funds and pursuant to the offer the Court ordered deposited in the registry of the Court the sum of $125,000.00 as security for just compensation.

Thereafter, defendants Jean Wood, Kathleen Wood, William Gustin, County Treasurer and Ex-officio Tax Collector of Moultrie County, Illinois, and State Bank of Arthur (hereinafter referred to as defendants) filed their motion to withdraw the deposited funds. The Federal Land Bank of St. Louis (hereinafter also referred to as defendant) filed its motion, also requesting disbursement of funds, asserting that it would accept the sum set forth in the motion of the previously named defendants for release of its mortgage on the tract in question.

In support of their motion defendants assert that they are entitled to withdraw the deposit under the provisions of Rule 71A(j), Title 28 U.S.C.A.

In support of their position defendants cite United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), and United States v. 15.3 Acres of Land, 158 F.Supp. 122 (U.S.D.C.Pa. 1957).

United States v. Miller (supra) sets forth the purpose of Section 258a, Title

40 U.S.C.A., and describes that purpose as follows:

"The purpose of the statute is two-fold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property. The Act recognizes that there may be an error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall recover the excess with interest."

United States v. 15.3 Acres of Land, 158 F.Supp. 122, discusses the purpose of Section 258a, Title 40 U.S.C.A., as follows:

" * * * § 258a does not assume to erect a complete condemnation procedure. It provides rather a supplemental and optional course, (citing cases), whereby the United States may at any time before judgment file a declaration of taking, estimating the amount of just compensation, accompanying it with a deposit. · The judgment in question means that which finally determines the 'just compensation' to be awarded. (citing cases). The government is not required to file a Declaration of Taking. If it elects to do so it must estimate the value of the property taken and make such sum available as compensation to the land owner. * * *"

█ Pursuant to its power of eminent domain, the United States may take property in one of two ways. It may enter into possession of property without authority of court order, or it can institute condemnation proceedings under various acts of Congress which provide authority for such takings. The Court is not here concerned with the first method and it need not be further discussed herein. Under the second procedure the government may either employ statutes which require it to pay over the judicially determined compensation before it can enter upon the land or proceed under other statutes which enable it to take immediate possession upon order of court before the amount of just compensation has been determined. In both classes of taking, however, title to the property passes to the government only when the owner receives compensation, Albert Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809, or when compensation is deposited into court pursuant to the Taking Act (Title 40 U.S. C.A. §§ 258a–258e), the passage of title does not necessarily determine the date of taking. The usual rule is that if the United States has entered into possession of the property prior to the acquisition of title, it is the former event which constitutes the act of taking. It is that event which gives rise to the claim for compensation and fixes the date as of which the land is to be valued and the government's obligation to pay interest accrues. Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664.

The Taking Act, supra, provides:

"Upon the filing said declaration of taking (prior to judgment in a condemnation proceeding) and of the deposit in the court * * * of the estimated compensation * * * title * * * shall vest in the United States * · * * and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation * * * shall vest in the persons entitled thereto * * *"

██ The Taking Act does not bestow independent authority to condemn lands for public use. On the contrary, it provides a proceeding "ancillary or incidental to suits brought under other statutes," Catlin v. United States, 324 U.S. 229, 240, 65 S.Ct. 631, 637, 89 L.Ed. 911. Such a proceeding can be instituted either at the commencement of the con-

demnation suit under the "other statutes" or, as in this case, after such a suit has been commenced and either before or after the government has taken possession. In both situations the Taking Act enables the United States to acquire title simply by depositing funds "for or on account" of the just compensation to be awarded the owners, rather than by making payment pursuant to a court order. United States v. Dow, 357 U.S. 17, 23, 78 S.Ct. 1039, 2 L.Ed.2d 1109.

In the case under consideration the government has filed its complaint for condemnation and has moved for immediate possession, which it is entitled to do under the provisions of Section 594, Title 33 U.S.C.A. It has not filed a declaration of taking.

Section 594 provides in pertinent parts as follows:

"Whenever the Secretary of the Army, in pursuance of authority conferred on him by law, causes proceedings to be instituted in the name of the United States for the acquirement by condemnation of any lands, easements, or rights of way needed for a work of river and harbor improvements duly authorized by Congress, the United States, upon the filing of the petition in any such proceedings, shall have the right to take immediate possession of said lands, easements, or rights of way, to the extent of the interest to be acquired, and proceed with such public works thereon as have been authorized by Congress: *Provided,* That certain and adequate provision shall have been made for the payment of just compensation * * *, either by previous appropriation by the United States or by the deposit of moneys or other form of security in such amount and form as shall be approved by the court in which such proceedings shall be instituted. The respondent or respondents may move at any time in the court to increase or change the amounts or securities, and the court shall make such order as shall be just in the premises and

as shall adequately protect the respondents. In every case the proceedings in condemnation shall be diligently prosecuted on the part of the United States in order that such compensation may be promptly ascertained and paid."

It should be noted that this section does not make provision for distribution of the funds on deposit if such deposit is made; rather, it contemplates further action to determine the compensation aspect. It does not specify whether the question of compensation shall be pursued in the original condemnation proceedings by bringing that proceedings to judgment, thereby ascertaining the amount of compensation and entering judgment for the full amount, nor does it require the deposit of funds in the registry of the court pursuant to the provisions of § 258a, Title 40 U.S.C.A., or Rule 71A, Title 28 U.S.C.A.

As previously noted, some of the defendants by cross-petition and motion asserted that no adequate provisions had been made for the payment of compensation, as required by Section 594, Title 33 U.S.C.A. In view of the objection, the Court directed the deposit of funds into the registry of the Court. The funds were so deposited.

Defendants rely on Rule 71A(j), Title 28 U.S.C.A., in support of the relief requested.

Rule 71A(j), Title 28 U.S.C.A., provides in pertinent parts as follows:

"The plaintiff shall deposit with the court any money required by law as a condition to the exercise of the power of eminent domain; and, although not so required, may make a deposit when permitted by statute. In such cases the court and attorneys shall expedite the proceedings for the distribution of the money so deposited and for the ascertainment and payment of just compensation. If the compensation finally awarded to any defendant exceeds the amount which has been paid to him on distribution of the deposit, the court shall enter judgment against the

plaintiff and in favor of that defendant for the deficiency. If the compensation finally awarded to any defendant is less than the amount which has been paid to him, the court shall enter judgment against him and in favor of the plaintiff for the overpayment."

The following appears in the Notes of Advisory Committee on Rules:

"Rule 71A is not intended to and does not supersede the Act of February 26, 1931, * * *, 40 U.S.C.A. §§ 258a–258e, which is a supplementary condemnation statute, permissive in its nature and designed to permit the prompt acquisition of title by the United States, pending the condemnation proceeding, upon a deposit in court. (citing cases). The same is true insofar as the following or any other statutes authorize the acquisition of title or the taking of immediate possession:

"U.S.C.A., Title 33: ·

"§ 594 (When immediate possession of land may be taken; for a work of river and harbor improvements).

* * * "

The Advisory Notes with reference to subdivision (j) further provide:

"Whatever the substantive law is concerning the necessity of making a deposit will continue to govern. * * * "

and further:

"The court is to make distribution of the deposit as promptly as the facts of the case warrant."

Section 258a provides, inter alia:

"In any proceeding in any court of the United States * * * which has been or may be instituted by and in the name of and under the authority of the United States for the acquisition of any land * * * for the public use, the petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking * * *

* * * * * *

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. * *

"Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. * * * "

The deposit in question was made pursuant to court order in accordance with the provisions of § 594, Title 33 U.S.C.A. This section, as above indicated, does not make provision for the immediate distribution of the funds. It is rather a form of security for the payment of just compensation. The Court ordered the deposit of funds as security at the request of certain of the defendants. The deposit was not made pursuant to nor was it required by § 258a since no declaration of taking has been filed.

The Advisory Notes on the Rules clearly establish that Rule 71A does

not supersede the provisions of § 258a and also shows that the Court is to make distribution of the deposit as promptly as the facts of the case warrant. The facts of the case as they are presently established do not in the opinion of the Court require distribution as sought by the defendants. While the facts asserted by the defendants appear to indicate that distribution might be made without creating future problems, such is not necessarily true. As the case progresses, additional facts may develop which would prove premature distribution to have been erroneous. The Court does not believe that it need elaborate on all of the myriad facts which may develop; however, it will point out that title has not yet passed to the plaintiff, and until title has passed the Court can foresee a number of developments which would have to be considered before ordering distribution.

The Court finds that the defendants' motions requesting withdrawal and disbursement of the deposit should be denied.

The government has stated to the court and the defendants that it proposes to file a declaration of taking on January 10, 1966. After this declaration of taking has been filed, title to the land in question will pass to the United States Government and defendants may then make application for and may receive disbursement of the funds on deposit upon establishing their right thereto. The defendants have presented their case prematurely and have attempted to support their position by citing cases not parallel on the facts and seek to rely on Rule 71A(j), utterly disregarding other statutory provisions. Because of inadequate briefs, the Court has been required to make extensive independent study and research of the matter, and as a courtesy to the defendants has expedited this matter by moving it ahead on the docket for consideration, only to find that the defendants are not entitled to the relief sought now. The requested relief will be available upon the filing of a declaration of taking, which the government indicated would be on January 10, 1966.