Vicente C. SANTOS, Plaintiff,

v.

GOVERNMENT OF GUAM, Defendant.

Jose D. CRUZ and Juana U.
Cruz, Plaintiffs,

v.

GOVERNMENT OF GUAM, Defendant.

Civ. Nos. 181–72, 7–73.

District Court of Guam.

Sept. 26, 1973.

William C. Anderson, Agana, Guam, for plaintiffs.

Richard T. Whitley, Agana, Guam, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DUENAS, District Judge.

Plaintiff Vicente C. Santos filed a complaint for inverse condemnation on November 3, 1972 against Defendant Government of Guam, asking for compensation for land owned by them and taken by the Government of Guam. Plaintiffs Jose D. Cruz and Juana U. Cruz filed a complaint for inverse condemnation on January 10, 1973 against Defendant Government of Guam, asking for compensation for land owned by them and taken by the Government of Guam. On February 23, 1973, the parties filed a stipulation for consolidation which was approved by the Court.

On June 19, 1973, the matter was submitted to the Court for decision with William C. Anderson, Esq., acting for plaintiffs, and Richard T. Whitley, Esq., acting for defendant, stipulating to the submission. The Court, having read the agreed statement of facts, the appraisal reports, the pleadings, and public documents of

which the Court takes judicial notice, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The Plaintiffs Vicente C. Santos and Jose D. Cruz and Juana U. Cruz are owners, respectively, of Lot Nos. 1124–1 and 1125–2, located in the District of Mapas, Municipality of Sinajana.

The two lots are contiguous. At sometime during the year 1955, the Defendant Government of Guam assumed jurisdiction of and paved a certain road running from Route 8 to the Mongmong-Toto Road. This road passed over both of the lots preempting a portion of Lot No. 1124–1, containing approximately 895.15 square meters and a portion of Lot No. 1125–2, containing approximately 1,807.76 square meters. In addition, the road severed a portion of Lot No. 1125–2, containing an area of approximately 208.61 square meters from the remainder of the lot in such a way as to render it useless to the owner of Lot No. 1125–2. Certain utility systems were installed within the right-of-way thus occupied.

The Government of Guam renounced all interest in Lot No. 1125–2 in Release Agreement No. 30394, signed by Felicita Santos San Nicolas, precedessor in interest to Jose D. Cruz and Juana U. Cruz, and the Government of Guam. The Government of Guam obtained a leasehold interest in parts of Lot No. 1125–2 occupied by the road in question under Lease Agreement Nos. 33451, 38352 and 46366. The last lease agreement expired July 9, 1967.

The plaintiffs continued to pay property taxes assessed by the Defendant Government of Guam on the entire area of their lots, including the portion of their lots preempted by the roadway and utility systems.

From 1955 until the present, the Government of Guam has continuously occupied and asserted jurisdiction over the road.

The Government of Guam has never condemned the property in question or instituted any legal proceeding to obtain possession of the property other than leasehold condemnation actions before 1955.

Neither Plaintiff Vicente C. Santos nor his predecessors in interest have ever received any compensation from the Government of Guam for the loss of their property. Neither Plaintiffs Jose D. and Juana U. Cruz nor their precedessors in interest have ever received any compensation from the Government of Guam for the loss of their property, other than rent payments when the property in question was leased to the Government of Guam.

## CONCLUSIONS OF LAW

The basic issue is what date should be used to compute the value of the property in question in order to determine the amount the plaintiffs should be compensated.

■ Value of property condemned is to be ascertained as of the date of taking. *U. S. v. 100 Acres of Land, More or Less, in Marin County, State of Cal.,* 468 F.2d 1261 (9th Cir. 1972) and *U. S. v. Johnson,* 420 F.2d 955 (9th Cir. 1970).

■ Under the usual rule, if the United States has entered into possession prior to acquisition of title, it is the entry into possession which constitutes the act of taking that gives rise to a claim for compensation, fixing the date as of which land is to be valued and government's obligation to pay interest accrues. *U. S. v. 551.03 Acres of Land, More or Less, in Moultrie County, State of Ill.,* 249 F.Supp. 253 (E.D.Ill.1966).

Where the United States acquired leasehold interest in land, constructed dirt road thereon and leasehold expired by its term even though road thereafter was surfaced and used by government contractors and general public, activity bore no resemblance to the kind of possession the government would have taken under "physical seizure" method of obtaining possession, and the correct date for valuation of land in which the government sought easement in perpetuity was the date on which declaration of taking was filed. *Calvo v. U. S.,* 303 F.2d 902 (9th Cir. 1962).

■ There is nothing on record to show that the Government of Guam has ever instituted any kind of legal proceeding which bears a resemblance to a physical seizure method of obtaining possession. When the leaseholds held by the Government of Guam covering portions of Lot No. 1124–1 and Lot No. 1125–2 occupied by the road expired, all interest in said property previously held by the Government of Guam expired and plaintiffs or their predecessors in interest owned the subject property in fee and unencumbered by any interest or estate in the Government of Guam. Since the Government of Guam has not condemned the land in question or taken any legal action to obtain possession, the date of taking is the respective dates on which plaintiffs filed their complaints for inverse condemnation.

■■ Where taking of realty occurs at the beginning of condemnation proceeding, and award comes at the end, just compensation must include, in addition to fair value at the time of taking, an award for intervening deprival. *U. S. v. 355.70 Acres of Land, More or Less, in Rockaway and Jefferson TPS, Morris County, State of N.J.,* 327 F.2d 630 (3rd Cir. 1964). Ordinarily, interest is allowed from the date of taking as part of just compensation. *Sarpy County Nebraska v. U. S.,* 386 F.2d 453, 181 Ct.Cl. 666 (1967).

Plaintiff Vicente C. Santos is entitled to compensation in the amount of Sixteen Thousand One Hundred Thirteen Dollars ($16,113.00), plus interest at the rate of six percent (6%) from November 3, 1972. Plaintiffs Jose D. Cruz and Juana U. Cruz are entitled to compensation in the amount of Thirty-Six Thousand Two Hundred Ninety-Five Dollars ($36,295.00), plus interest at the rate of six percent (6%) from January 10, 1973.

Let Judgment Issue. SO ORDERED.